# Reid *v.* Reading Transit & Light Co., Appellant.

*Negligence—Automobiles — Head-on collision with automobile and car—Street railways.*

No damages can be recovered by the owner of an automobile from a street railway company for injuries to the automobile sustained in a head-on collision between the two vehicles, where it appears that at the time of the accident, plaintiff was driving between the car track and the curb line of a street on which the defendant operated a single line of cars; that immediately ahead of him were two other automobiles going in the same direction; that as these machines approached a cross-street they stopped; that the plaintiff instead of stopping, which he could have done, immediately turned his car and ran upon the street railway track in an attempt to get around the other two automobiles; that plaintiff could have seen the car before he entered upon the track if he had looked, and that when he was on the track the car was within fifteen feet of him before he first applied the brake.

Argued Nov. 13, 1916.  Appeal, No. 206, Oct. T., 1916, by defendant, from judgment of C. P. Berks Co., June T., 1915, No. 70, on verdict for plaintiff in case of Albert F. Reid v. Reading Transit & Light Company.  Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ.  Reversed.

Trespass to recover damages for injuries to an automobile in a head-on collision.  Before ENDLICH, P. J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $127.  Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*C. H. Ruhl,* with him *J. A. Keppelman,* for appellant. —This case is on all fours with Clift v. Philadelphia & W. C. Co., 52 Pa. Superior Ct. 502.

*W. B. Bechtel,* with him *S. R. Rothermel,* for appellee, cited: Mead v. Central Penna. Traction Co., 63 Pa. Superior Ct. 76.

OPINION BY PORTER, J., March 13, 1917:

The automobile of the plaintiff, operated by himself, and a car of the defendant company, moving in opposite directions, approached each other upon the same track, and a collision was the natural result. The front part of the automobile was considerably battered and broken as a consequence of the collision and for that the plaintiff seeks to recover damages in this action. He recovered a verdict and judgment in the court below, and from that judgment the defendant appeals. The defendant, at the trial, submitted a point praying for binding instructions, which the court refused, and subsequently obtained a rule for judgment non obstante veredicto, which rule the court below discharged. The specifications of error are all founded upon these rulings. The question for consideration is, therefore, whether the plaintiff upon his own showing was entitled to have his case submitted to the jury.

The collision occurred on north Ninth street in the City of Reading. That street is forty feet wide between curb lines; there is in the middle of the street a single track street railway of the defendant company, upon which cars run from north to south. The plaintiff was driving his automobile towards the north, in the direction opposite to that in which street cars move; he was upon the east or right side of the street, between the car track and the curb lines. There were two other automobiles in front of him, going in the same direction, the rear one of which was about a car length ahead of the car of plaintiff. They were approaching Greenwich street, which crossed the street upon which they were moving, the two automobiles which preceded plaintiff being between him and that cross street, and when plaintiff's car was about seventy feet from the cross street, the two

automobiles in front of him came to a stop, and there-
upon the plaintiff, instead of making any attempt to
stop, immediately turned his car and ran upon the street
railway track, intending to run, upon the street railway
track, around the two automobiles standing between
the track and curb. When interrogated, upon cross-ex-
amination, as to what he did when the automobiles in
front of him stopped, the plaintiff thus stated what he
did and his intention in so doing:

"Q.—Couldn't you have stopped?

"A.—I believe I could have.

"Q.—But you chose to turn out and to cross the track?

"A.—I wanted to go around him.

"Q—You wanted to pass and had to turn on the track
to do that?

"A.—Sure.

"Q.—And you turned your auto and did go toward the
other side of the track?

"A.—No, sir; I didn't go toward the other side of the
track.

"Q.—Well, you intended to go to the other side of the
track?

"A.—No, sir. I intended to go around these machines.

"Q.—But to go up on the other side of Ninth street?

"A.—No, sir; I didn't intend to go up that way. I
turned out to run around them on the track. I wanted
to go around them—just merely go around those ma-
chines. When I got out on the track I saw the trolley
car and I knew I couldn't get around then any more.

"Q.—The car was then about even with the first auto,
was it; I mean the trolley car was then about where the
first auto was?

"A.—He would have been there until I got there, to my
judgment.

"Q.—When you first saw the car it was about twenty-
five feet from you?

"A.—About that."

He further testified that, when in the position above described, he saw that he could not get around on the other side of the track, because there was a truck approaching on that side, he then, when the street car was within fifteen feet of him, first applied the brake to his own car and held up his hand as a signal to the motorman of the street car to stop. He also testified that the car was moving towards him when he first saw it. He testified that the motorman had the street car under control, but he did not pretend to say, nor did any other witness called by him pretend to say at what rate the car was moving. He testified that the street car might have shoved his car back a little, when the collision occurred, but he didn't know about that. It thus appeared from the plaintiff's own testimony that he had driven his car upon the track, without looking to see whether a car was approaching, and it was only when he was upon the track that he looked and saw an approaching car only twenty-five feet away. The accident occurred before five o'clock on an evening in May, in broad daylight, when there was nothing to obstruct his view if he had looked, and, under such conditions, it would have been in vain for him to testify that he had looked and had not seen what manifestly he must have seen, a street car approaching within a very short distance. It was the duty of the plaintiff to look immediately before entering upon the track, and thus avoid exposing himself and passengers who might be upon an approaching street car to the danger of a collision: Clift v. Philadelphia & West Chester Traction Co., 52 Pa. Superior Ct. 502, and cases there cited. The contributory negligence of the plaintiff was established out of his own mouth.

It is, however, argued that the plaintiff was called upon to act in a sudden emergency, and that fearing he would run into the automobile in front of him, in case he did not turn towards the street car track, he is not to be held guilty of negligence in going upon the track. This argument is not supported by the testimony of the

plaintiff. He did, in one part of his testimony say, in answer to a question as to whether he could have stopped before bumping the car in front of him, in case he had continued without turning, that he could not have done so, to which he added "I wasn't taking any chances." But he immediately followed this by saying that he believed he could have done so. In no place in his testimony did he say anything from which a jury should have been permitted to infer that he could not have stopped his automobile before reaching the street car track. On the other hand, if there was an emergency, it was one of the plaintiff's own creation. He knew he was approaching a cross street and that the automobiles in front of him might have to stop in order to permit the passage of traffic upon that cross street; in such circumstances it was his duty to operate his car at a rate of speed which would permit of his stopping it before coming into collision with the vehicle in front of him, in case that vehicle was compelled to stop. There was nothing in the evidence which would have warranted a finding that the automobiles in front of the plaintiff were stopped suddenly or in an unusual manner, so far as those vehicles were concerned it was not an emergency stop. The duty of the plaintiff to look before entering upon a street car track is not merely a duty to the street car company, it is a duty to the public and involves the safety of passengers. If the plaintiff was driving his car at such a rate of speed that when the cars in front of him stopped, in the usual manner, he could not stop his car in time to avoid a collision without disregarding his duty to look before entering upon a street railway track, then he was operating his car in a negligent manner and was himself responsible for the consequences. The testimony of the two witnesses called by the plaintiff was not in some respects in harmony with his own. Those witnesses stated that the plaintiff had first attempted to cross the street railway track, so as to proceed upon the left-hand side of the street, and that seeing that he could not

get through in that way, because of an approaching truck, he again turned back upon the street railway track, and that it was not until that time that he applied his own brake and held up his hand for the motorman to stop.  One of those witnesses testified that the collision occurred at the same instant that the plaintiff · applied the brake to stop his own car.  There was nothing in the testimony of either of these witnesses to warrant a finding that the plaintiff could not have seen the street car if he had looked before entering upon the track, or that he could not have stopped before entering upon the track, after seeing the car.  The specifications of error are sustained.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the defendant non obstante veredicto.