## Laessig *v.* Cerro, Appellant.

Argued April 24, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Zeno Fritz,* with him *Frank J. Zappala* and *Joseph A. Cirillo,* for appellant.

No appearance was entered nor brief filed for appellee.

OPINION BY BALDRIGE, J., July 23, 1942:

This appeal is from a judgment obtained by the plaintiff as a result of a collision of two automobiles.

The plaintiff, at about 8:45 A.M., December 21, 1939, was driving his car northward on Washington Boulevard in Allegheny County and the defendant was proceeding in the opposite direction going toward Pittsburgh. Where the accident occurred the highway is wide enough to accommodate two or three automobiles running abreast in each of the two lanes and is practically level, except for a slight crown in the center, and on that winter morning it was icy. The plaintiff testified that as he was proceeding at about 20 to 25 miles per hour with care, giving particular attention to a car preceding him, he first saw defendant's car when it was 30 to 35 feet away, slipping across the center portion of the cartway with its rear end advancing toward the front of his car. The plaintiff, whose car was under control and not skidding, pulled over close to the curb on his right side. While in that position the back portion of defendant's oncoming car struck plaintiff's car on the left front bumper and fender. The plaintiff testified that after the impact defendant said to him that "he was in a hurry to get to work because something important was on that day."

The defendant stated that he was traveling about 20 miles per hour and that after he passed a little curve

near the Larimer Avenue Bridge his "car just started to skid" and he lost control of the car "on account of the ice." Realizing that he was in the left, or wrong, lane of traffic and observing plaintiff's car approaching approximately 500 feet away he tried to give warning with his voice and hands of the danger. The defendant admitted that his car "turned around a few times." Although there were "quite a number of cars" on the highway there was no evidence that any car, except defendant's, skidded.

The only question raised by this appeal is whether the accident was the result of defendant's negligence. The collision occurring under the circumstances we have outlined we are of the opinion that was an issue of fact for the jury's consideration.

Proof of skidding in an automobile, as has been said many times, does not of itself import negligence. It must be shown that the skidding is the result of negligent conduct: *Lithgow, Exrs. et al. v. Lithgow*, 334 Pa. 262, 265, 5 A. 2d 573.

The appellant in support of the argument that there was insufficient proof of negligence relies principally on *Hatch et al. v. Robinson*, 99 Pa. Superior Ct. 141, and *Wertz v. Shade*, 121 Pa. Superior Ct. 4, 182 A. 789. In the Hatch case under the testimony of one of the plaintiffs there was ice on the road "in a few places." In the Wertz case it could be inferred from the spreading of cinders that ice covered the road about 50 feet back of the truck in which the plaintiff was seated with which defendant's car collided. The only evidence of the condition of the road, in the direction from which defendant was traveling, beyond the 50 feet was that there were patches of ice along the highway. The damage to the truck was repaired for the sum of $18.75 and that to the car was negligible, which indicated the impact was not accompanied with much force. Those cases where we held negligence was not proved

and others cited by the defendant with their individual facts do not control this case.

We agree with the following language of the learned court below: "In the instant case we have more than a mere skidding proved. We also have proof and an agreement that the icy condition which caused the skidding of defendant's car was not an exceptional or isolated condition, but on the contrary, it was a condition which existed over the entire highway in the entire vicinity of the accident. In other words, the skidding in this case might reasonably have been anticipated and it was for the jury to determine, under proper instructions from the court, whether, under the circumstances, the defendant was guilty of negligence."

Judgment of the court below is affirmed.

DISSENTING OPINION BY KENWORTHEY, J.:

Recognizing that automobiles, however carefully operated, will skid and get out of control on icy highways, and that "Men are not obliged to stay off the public road because they happen to be slippery," our appellate courts have consistently held that proof by a plaintiff that defendant's automobile skidded is not, by itself, evidence of negligence. I am unable to distinguish this case from the prior decisions, particularly the very recent case of *Master, Admrx., Appellant v. Goldstein's Fruit & Produce, Inc. et al.,* 344 Pa. 1, 23 A. (2d) 443.

I would reverse the judgment and enter it for defendant.