Valley Motor Transit Company, Appellant, *v.* Allison et al.

Argued May 6, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*Wayne S. Luce,* with him *Reed & Ewing,* for appellant.

*Lawrence M. Sebring,* for appellee, Charles F. Allison.

*Harry B. Richardson,* for appellee, *Walter H. Gross.*

OPINION BY RHODES, J., July 22, 1943:

The court below refused to take off compulsory nonsuits, and plaintiff has appealed.

Plaintiff brought an action in trespass against Charles F. Allison, Walter H. Gross, trading and doing business as Gross Furniture Company, and J. P. Graham, trading and doing business as J. P. Graham Transit Company, to recover for damage to its motor bus as the result of an accident in which vehicles of the three defendants were involved. The trial judge granted compulsory nonsuits as to defendants Allison and Gross because plaintiff's evidence was insufficient to prove their negligence. The jury returned a verdict in favor of Graham, which is not before us.

The evidence has been viewed in the light most favorable to plaintiff as we are required to do in passing upon the propriety of the nonsuits. *Martin v. Marateck,* 345 Pa. 103, 106, 27 A. 2d 42. Our examination convinces us that the conclusions of the court below were correct.

The burden was upon plaintiff to show that defendants were negligent, and that the loss sustained was the result of such negligence. Negligence may be inferred, as plaintiff points out, from the attendant circumstances as well as from direct evidence, if they are such as to satisfy reasonable and well balanced minds that the accident resulted from the negligence of the defendant. *Reardon v. Smith,* 298 Pa. 554, 558, 148 A. 860; *Butler v. Del Favero,* 116 Pa. Superior Ct. 534, 538, 176 A. 765. But the mere happening of an accident does not establish negligence upon the part of anyone (*Sajatovich v. Traction Bus Co.,* 314 Pa. 569, 572, 172 A. 148; *Wenhold v. O'Dea,* 338 Pa. 33, 35, 12 A. 2d 115), and here there are no facts or circumstances upon which to base the liability of either defendant.

The facts as testified to by the witnesses may be summarized as follows: The accident occurred on February 7, 1941, at approximately 11:30 A.M. on a highway known as route No. 68 in Beaver County near the village of Ohioview and east of the town of Midland. The highway running east and west was of concrete, 18 feet wide. When plaintiff's bus left Midland the highway was free from ice. After ascending a grade to a relatively level and straight stretch of the highway which passes through Ohioview, ice was encountered by the bus, as it had been raining. Visibility was good. In order to give better traction plaintiff's bus was being driven with the two right wheels off the concrete and on the berm. It was being operated at a speed of 25 to 30 miles per hour. After passing the Graham truck and trailer proceeding in the same easterly direction about half a mile west of the scene of the acci-

dent and then passing some westbound traffic the bus driver observed the Gross automobile parked on the left hand or north side of the highway and encroaching about 2 feet on the concrete—the wheels were on the concrete about a foot. As the bus approached the parked automobile the Allison truck was coming from the east, and as the truck turned out to pass the Gross automobile it skidded and continued to skid until the collision with the bus occurred. After the contact the Allison truck stopped on the north side of the highway, and the rear of the bus remained on the south portion of the concrete. The collision took place about 20 feet west of the Gross car as the Allison truck skidding on the highway had passed the parked car. At the scene of the accident the highway was practically straight but not quite level. There was "sort of a down grade" to the west. The bus driver testified that there was room between his bus and the Gross car for the Allison truck to pass; and this is confirmed by the measurements. Although the highway was icy at and for some distance west of the scene of the accident, there was no proof that any ice existed east of the Gross car. There was testimony by a witness that there was "sort of a cold spot in there; it freezes more than going down towards Industry," which was to the west.

It was averred that Allison was negligent in operating his truck at a high and dangerous speed under the circumstances, in failing to have his truck under proper and adequate control, in failing to keep a careful and diligent watch on the highway, in failing to see the parked automobile of Gross in sufficient time to stop, and in permitting his truck to get out of control and cross the center line of the highway into the path of plaintiff's bus. The negligence charged against Gross was the unlawful and negligent parking of his automobile on the highway.

Plaintiff admits that the sudden skidding of a motor vehicle does not of itself establish or constitute negli-

gence; but it is argued in his behalf that the instant case involved more than the mere skidding of the Allison truck in that the icy condition of the highway was general in the neighborhood on the morning of the accident, and hence Allison was under a duty to keep the slippery condition of the highway in mind while operating his truck, and in that Allison was negligent in turning onto the wrong side of the highway without giving consideration to the rights of plaintiff's bus approaching from the opposite direction.

There is nothing in the record to indicate that Allison had come upon any ice east of the Gross car, or that he should have anticipated the condition of the highway at that point. There was no proof that Allison was negligent in any of the respects charged by plaintiff, and the evidence disclosed no other specific act of negligence on his part. As Allison approached the parked car of Gross, there were no facts or circumstances established from which it could be said that he had notice of impending danger in attempting to pass the Gross car which occupied about 2 feet of the concrete, leaving about 16 feet for traffic, with plaintiff's approaching bus occupying a portion of the berm. As expressed in *Master v. Goldstein's Fruit & Produce, Inc., et al.,* 344 Pa. 1, 4, 23 A. 2d 443, there is no evidence in the case indicating anything that Allison should have done that he did not do. A witness who saw the accident testified that he did not see Allison do anything to cause his truck to skid. In *Laessig v. Cerro,* 149 Pa. Superior Ct. 155, at page 157, 27 A. 2d 731, at page 732, we said: "Proof of skidding in an automobile, as has been said many times, does not of itself import negligence. It must be shown that the skidding is the result of negligent conduct." See, also, *Lithgow et al. v. Lithgow,* 334 Pa. 262, 265, 5 A. 2d 573; *Master v. Goldstein's Fruit & Produce, Inc., et al.,* supra. It was not the attempt by Allison to pass the parked vehicle that caused the accident, as there was

room for Allison's truck and plaintiff's bus to pass even if they had arrived opposite the Gross car at the same time. The parked car and the approaching truck were plainly visible for some distance to the driver of plaintiff's bus, and he believed that there was room between his bus and the Gross car for the Allison truck to pass, and it was only after the truck skidded that he anticipated the collision. The accident was caused by the skidding of the truck which was not shown to be the result of any negligent act of Allison. The unexplained skidding occurred when Allison came upon the icy highway—an independent intervening agency over which he had no control; and the skidding of the truck cannot be attributed to the parked car of Gross, or to any want of care on his part. The evidence does not establish that Gross violated section 1019 of the Act of May 1, 1929, P. L. 905, as amended by the Act of June 5, 1937, P. L. 1718, §4, 75 PS §611.[1] The only legitimate inferences are to the contrary. A violation of the mandatory provisions of this section would have

---

[1] "(a) No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion of such highway: Provided, In no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway, unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of three hundred (300) feet in each direction upon such highway: And further provided, No person shall park or stand any vehicle, whether attended or unattended, in any no parking area, where official 'No Parking' signs have been erected in accordance with the provisions of section one thousand one hundred and thirteen (1113) of this act."

constituted negligence per se. *Ashworth v. Hannum et al.,* 347 Pa. 393, 32 A. 2d 407.

The case of *Kline et al. v. Moyer and Albert,* 325 Pa. 357, 191 A. 43, cited by plaintiff, is not applicable. In that case Albert's truck was left standing without lights after dusk with all four wheels on the concrete highway when an automobile driven by Moyer swerved from the rear of the truck into the opposite lane of travel and struck plaintiff's car in what was practically a head-on collision. The liability of Albert, assuming that he was negligent as found by the jury, depended, as it was held, on whether the negligence of Moyer which was the sole or partial cause of the accident was precedent or subsequent in time to his seeing the truck. As the evidence did not indicate whether Moyer, approaching the rear of Albert's truck, saw it when, with careful operation of his car he still could have prevented the accident, but instead negligently drove on and swerved around the truck without first ascertaining whether there was oncoming traffic immediately confronting him, or whether the negligence of Moyer already at that time brought his car into a position which, by reason of its speed or otherwise, made the accident unavoidable, it was held error for the court below to conclude as a matter of law that Albert's negligence was not a proximate cause of the accident.

In the instant case, as far as the record discloses, there is no evidence that Gross was negligent in parking his automobile or that Allison was negligent in attempting to pass it. Allison had an apparent right to pass while plaintiff's bus was approaching, and the presence of the ice, unknown to Allison, is the only available explanation of the skidding which resulted in a collision with plaintiff's bus.

In *Laessig v. Cerro,* supra, which plaintiff cites as presenting a situation similar to the instant case, it was held that there was more than a mere skidding proved. Other cases of the same nature are *Kotlikoff v.*

*Master et al.,* 345 Pa. 258, 27 A. 2d 35; *Knoble et ux. v. Ritter,* 145 Pa. Superior Ct. 149, 20 A. 2d 848.

There may have been undeveloped facts which, if established, would have given a different picture of what happened, but we cannot go beyond the present record as containing the only evidence for examination. We are of the opinion that the evidence entirely fails to disclose such conduct on the part of either defendant as would impose liability upon him.

Judgments are affirmed.