## Wilkerson v. Philadelphia Transportation Company, Appellant.

Argued September 28, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Charles M. Willits,* with him *Jay B. Leopold,* for appellant.

*Julius Marymor,* with him *Michael H. Egnal,* for appellee.

OPINION BY ROSS, J., November 14, 1950:

This is an action in trespass for damages for personal injuries sustained by the plaintiff, Alfonzo Wilkerson, as the result of a collision between the truck which he was driving and defendant's trolley car. The jury returned a verdict for the plaintiff in the amount of $1,000, and after defendant's motion for judgment n.o.v. was refused, it took this appeal.

The accident occurred early in the afternoon of December 3, 1948, a rainy day, as plaintiff was operating his coal truck eastward on the south rails of the defendant company on Spring Garden Street bridge in Philadelphia, near its intersection with a ramp leading to West River Drive of Fairmount Park. Defendant's trolley car was proceeding westward on the north

rails. The line of traffic ahead of plaintiff's truck consisted of another truck, immediately ahead, and ahead of it, a passenger car. The latter stopped preparatory to making a left turn into the lane down the ramp. When it did so, the truck preceding plaintiff's stopped suddenly. Plaintiff applied his brakes, but as he did so, his truck skidded to the left, on the wet street, into the path of the approaching street car, and the collision occurred, causing the injuries complained of.

Resolving all conflicts in the testimony in favor of appellee, viewing the evidence in the light most favorable to him, and giving him the benefit of all inferences and deductions reasonably to be made therefrom, as we are required to do (*Russo v. Pgh. Rys. Co.*, 164 Pa. Superior Ct. 396, 64 A. 2d 666; *Archer v. Penna. R.R. Co.*, 166 Pa. Superior Ct. 538, 72 A. 2d 609), we are presented with the following facts as warranted by the evidence and established by the verdict: Plaintiff's truck was proceeding eastward on Spring Garden Street at an estimated speed of 20 to 25 miles per hour when the vehicles preceding it were stopped and the plaintiff applied his brakes. His truck skidded on the wet street and continued for 35 feet, coming to a stop on defendant's north rails at a point 50 to 75 feet west of the ramp leading to West River Drive, at which time the trolley was "about the middle of the ramp" from 70 to 95 feet away from the stopped truck. The motorman was "looking northeast . . . around to his right . . . Waving at a Parkguard". While there is an unusual amount of conflicting testimony, the plaintiff is entitled to have the oral testimony supporting the verdict considered and all the rest rejected. *Sorrentino v. Graziano*, 341 Pa. 113, 17 A. 2d 373; *Brizzi v. Pianetti*, 165 Pa. Superior Ct. 258, 67 A. 2d 578.

Appellant contends (1) that plaintiff was contributorily negligent and (2) that its motorman was free from negligence under the circumstances.

In support of its contention that the plaintiff was contributorily negligent the defendant cites *Reid v. Reading Transit Co.,* 66 Pa. Superior Ct. 101, in which the plaintiff was denied recovery for injuries sustained in a headon collision with a trolley car on the ground that he was contributorily negligent. There the plaintiff was following two other automobiles, both of which stopped as they approached a street intersection. However, there was nothing in the evidence which would have warranted a finding that the automobiles were stopped suddenly or in an unusual manner. The plaintiff, in order to avert an accident, *voluntarily* turned his car into the track, intending to pass the cars ahead of him, without looking to see whether a street car was approaching and it was only when he was upon the track that he looked and saw an approaching car only 25 feet away. There was no evidence of a slippery road condition, as here, and there was nothing to show that he could not have stopped his automobile before reaching the street car track.

In this case the plaintiff's truck was on the track not from any voluntary act on the part of the plaintiff, as in the *Reid* case, but as a result of skidding on the wet pavement. The skidding of plaintiff's truck does not of itself establish or constitute negligence. *Cirquitella v. C. C. Callaghan, Inc.,* 331 Pa. 465, 200 A. 588. "Proof of skidding in an automobile, as has been said many times, does not of itself import negligence. It must be shown that the skidding is the result of negligent conduct." *Laessig v. Cerro,* 149 Pa. Superior Ct. 155, 157, 27 A. 2d 731, 732. See also, *Valley Motor Tran. Co. v. Allison,* 153 Pa. Superior Ct. 221, 33 A. 2d 485, and *Miller v. Measmer,* 353 Pa. 18, 44 A. 2d 284. The plaintiff testified that he was far enough behind the truck ahead of him to have stopped without a collision—in "about two feet"—if the street had been dry. Whether, as contended by the defendant, he did

not have sufficient control of his vehicle to prevent skidding when he found it necessary to apply his brakes suddenly was for the jury. The question of his contributory negligence is not free from doubt and, therefore, was a jury question. *Chidester v. City of Pittsburgh*, 354 Pa. 417, 47 A. 2d 130.

The defendant contends that the motorman in this case was free from negligence and requests us to say as a matter of law that the motorman did not have an "opportunity to act", basing its contention on the principle that where danger appears in the way of a trolley car it must be a sufficient distance from the trolley to give time enough to enable the operator to stop or slow down to avoid an accident, i. e., he must have the opportunity to act. *Weschler v. Buffalo & L.E.T. Co.*, 293 Pa. 472, 143 A. 119; *Cox v. Wilkes-Barre Ry. Corp.*, 340 Pa. 554, 17 A. 2d 367. This principle is well-established but in our opinion it does not rule this case. In addition to his duty of having such control of his trolley car as to enable him to avoid dangers ordinarily incident to its operation and also to avoid such unusual and unexpected dangers as he saw or should have seen in time to avoid, it was the motorman's duty to keep a constant lookout ahead. *Hamley v. Pgh. Rys. Co.*, 345 Pa. 380, 28 A. 2d 911; *Tatarewicz v. United Traction Co.*, 220 Pa. 560, 69 A. 995; *Scholl v. Phila. Sub. Transp. Co.*, 356 Pa. 217, 51 A. 2d 732. He was required to "ever be on the alert" and, as stated by Mr. Justice WALLING in *Beaumont v. Beaver Valley Traction Co.*, 298 Pa. 223, 148 A. 87, at page 230: ". . . must hold strictly to his work and not for a moment turn away his eyes or his thoughts from his duties".

Defendant's motorman testified that as he approached the truck he was going "about 10 or 12 miles per hour"; that he first "saw this coal truck, which was on the tracks" when he was "about 20 feet" away from it. And further (referring to the trolley) : "That

car will stop on a dime. . . . When she stops, she stops on the dot." It is deducible from his testimony that had he seen the truck when it stopped on the track, with his power of stopping immediately he might have averted the collision. No explanation is given as to why he first saw it when he was only 20 feet away from it, nor is there evidence in the record of a possible obstruction to block his view. It is a logical inference that the motorman did not see the truck until he was within 20 feet of it because he was, as stated by the plaintiff, "looking . . . around to his right . . . Waving at a Parkguard". The jury's finding of negligence may well have been predicated not on whether, having seen the truck for the first time at a distance of 20 feet, he should have been able to stop in time to avoid colliding with it, but whether he should have seen it earlier, had he been keeping "a constant lookout ahead".

The jury's verdict is a finding that the plaintiff was free from contributory negligence and that the defendant was negligent (*Weismiller v. Farrell*, 153 Pa. Superior Ct. 366, 34 A. 2d 45) and on the record before us, we cannot say that *as a matter of law* the finding should be otherwise.

Judgment affirmed.