492

Argued March 16, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*Robert L. Trescher,* with him *Montgomery, Mc-Cracken, Walker & Rhoads,* for appellant.

*George F. Douglas,* with him *George F. Douglas, Jr.,* for appellee.

OPINION BY ROSS, J., July 14, 1953:

Plaintiff, William Silverman, filed a mechanic's lien in the sum of $1,285.35 on the premises 4602-10 North Broad Street, Philadelphia, owned by defendant Anna Vogel, and after trial was awarded a jury

verdict in the full amount of the claim plus interest. Defendant's motion for judgment n.o.v. was refused by the court below, and she has appealed to this Court.

Plaintiff is a painter. Prior to World War 1 his business was operated under the name of William Silverman, Inc., with offices in Atlantic City, New Jersey. After his return from military service in that war plaintiff abandoned the corporation but never legally dissolved it. He moved his business to Philadelphia, and his stationery bears the corporate name with a Philadelphia address. The date on a billhead introduced into evidence indicated that it was designed for use in the 1930's—there being the figures "193" with a blank space to be filled in. It was on the corporate stationery that, on June 15, 1948, he submitted an estimate for painting and repair work on defendant's building to the latter's realtor-agent, George W. Blatz. The offer was accepted, the work performed, payment demanded and refused, and this action followed.

The defense that the work was done in an unsatisfactory manner and of no value to defendant was ruled against her by the jury's verdict, and we are concerned solely in this appeal with the question as to whether in this transaction the plaintiff was doing business as a corporation or as an individual.

Defendant stresses the fact that under Silverman's signature on the estimate there appeared the typewritten name of the corporation, and vigorously urges upon us that plaintiff was transacting business under a fictitious name in violation of the registration provision of the Fictitious Names Act of 1945, P. L. 967, 54 PS §28.1 et seq., and is, therefore, barred from maintaining an action on the contract by §4 of that Act, 54 PS §28.4.

Plaintiff explained that he used the outmoded stationery because he had a great deal of it remaining in his possession but testified repeatedly that he had dealt with defendant, through her agent, in his individual capacity. Defendant flatly denied ever having been apprised of the fact that plaintiff was acting other than as a corporation. Her agent, George W. Blatz, under questioning by the court, testified: "Q. How long have you known and have been doing work with Mr. Silverman in that connection? A. About—oh, I would say thirty-two years . . . Q. Did you know him as a corporation or as an individual? A. No, I knew him as an individual. And I received his estimate, it had this on it, and we called Mrs. Vogel and we told her he was an individual, he wasn't a corporation. Mr. Broadbent and I both told Mrs. Vogel that we knew that he was an individual and not a corporation." Edward C. Broadbent, a realtor associated with Blatz, corroborated this testimony. The conflicting testimony relative to plaintiff's status created a question of fact which the court below, under proper instructions, submitted to the jury for determination, and the jury resolved the issue in favor of plaintiff.

Under general agency principles knowledge of an agent is imputed to the principal; but here the jury's verdict established actual knowledge by defendant that she was dealing with an individual. Hence, no other entity being involved, it is unnecessary for us to pass upon the necessity for registration—whether as a foreign corporation doing business in Pennsylvania, or as a business operated under a fictitious name.

Defendant was not prejudiced in any way by the use of the 1930 billhead or the "obviously old" (so characterized by the learned trial judge in his charge) stationery or even by the typewritten name of the corporation on it.

On a motion for judgment n.o.v., we view the evidence in the light most favorable to plaintiff and give him the benefit of all inferences and deductions reasonably to be drawn therefrom. *Hunter v. Rossi,* 172 Pa. Superior Ct. 301, 93 A. 2d 912; *Smith v. Kravitz,* 173 Pa. Superior Ct. 11, 93 A. 2d 889. Thus viewed, we find no reversible error. The question of plaintiff's status with regard to the contract under consideration was one of fact for the jury, and there is ample competent evidence in the record to support its finding that the plaintiff contracted as an individual and not as a corporation or a partnership.

Order affirmed.