John Hohenadel Brewery, Inc. *v.* J. Ross Furniture Co., Appellant.

Argued October 5, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*Ralph S. Croskey,* with him *Croskey & Edwards,* for appellant.

*S. H. Copelin,* for appellee.

OPINION BY ROSS, J., January 14, 1955:

This is an action in trespass arising from a collision between two motor trucks at the intersection of Brown Street and 27th Street in Philadelphia. The action was brought by John Hohenadel Brewery, Inc. and James T. Quinn against J. Ross Furniture Co., Milestone System and Lawrence M. Pisselli. The case came on for trial in the Court of Common Pleas No. 3 of Philadelphia County before a judge and a jury. By stipulation Lawrence M. Pisselli was eliminated as a party defendant and a nonsuit was entered as to the Milestone System. The case of the corporate plaintiff for property damages and of the individual plaintiff for personal injuries was submitted to the jury which returned a verdict for each plaintiff. Defendant's motion for judgment n.o.v. was denied and it has appealed to this Court.

27th Street in Philadelphia runs south to north and is one way in that direction, while Brown Street runs west to east and it is one way in that direction. There were trolley tracks in the center of each street at the time of the accident.

James T. Quinn, the individual plaintiff, was the only witness to testify. He stated that the accident occurred at about 2:15 P.M. of October 7, 1949, when "It was raining". He was proceeding north in the center of 27th Street driving his truck at a speed of 12 to 13 miles an hour. He observed the defendant's truck approaching the intersection from the west on Brown Street when the front of Quinn's truck was 3 or 4 feet beyond the south building line on Brown Street. Defendant's truck was then 125 feet west of the intersection and approaching it at a speed of 25 to 30 miles an hour. Quinn stopped his truck with its front end two feet short of the south rail of the Brown Street trolley tracks. He did so because defendant's

truck—then 30 feet west of the west curb line of 27th Street—"all of a sudden . . . seemed to surge forward faster" and then "skidded around sideways and continued to skid" for a distance of 25 to 30 feet at which point the right side of it struck the left front of Quinn's truck. After striking the truck, defendant's truck continued through the intersection "travelling sideways" until it struck a trolley pole on the north side of Brown Street.

The defendant takes the position that there is no evidence that the street was "slippery" at the time of the accident. Simply because it was raining, the defendant argues, does not necessarily mean that the cartways were slippery. Plaintiff was required, the argument continues, to go on to show "the amount of rain and the type and condition of the paving". We think the jury could reasonably infer that the cartways were slippery from the fact that it was raining and that defendant's truck skidded for a considerable distance.

In the case at bar we have these three factors to consider: (1) it was raining at the time of the accident and the cartways were wet; (2) the defendant's vehicle was traveling along a city street toward an intersection at a speed of 25 to 30 miles an hour; and (3) the defendant's truck increased its speed immediately before it began to skid.

The able and experienced counsel for defendant has directed our attention to 28 skidding cases decided by the appellate courts of this Commonwealth, all of which cases we have read with considerable care to ascertain whether the court below was correct in submitting the question of this defendant's negligence to the jury.

Our examination of the cited skidding cases leads us to the conclusion that it cannot be said *as a matter of law* that a speed of 25 to 30 miles an hour on a city

street is *not* excessive speed under the circumstances here. In *Cook et al. v. Miller Transport Co., Inc.,* 319 Pa. 85, 179 A. 429, the defendant appealed from verdicts in favor of the minor plaintiff and his parents. The Supreme Court affirmed the judgments. In that case the minor plaintiff started to cross a city street, saw defendant's truck coming toward him at a distance of 100 feet, and stopped to let the truck pass. The street was icy, slushy and slippery. The defendant's truck traveling at a speed of 28 to 30 miles an hour, and slightly on the wrong side of the street, swerved to permit an automobile proceeding in the opposite direction to pass. The rear wheel of the truck either swerved or skidded toward minor plaintiff so that it ran over his foot. In *Laessig v. Cerro,* 149 Pa. Superior Ct. 155, 27 A. 2d 731, the question of defendant's negligence was held for the jury where it appeared that defendant was driving about 20 miles an hour, was rounding a little curve and started to skid because of ice on the street. In *Goldenberg et al. v. Philadelphia Rural Transit Company,* 112 Pa. Superior Ct. 163, 170 A. 360, the plaintiffs, husband and wife, had verdicts and defendant appealed from the refusal of his motion for judgments n.o.v. The collision occurred at an intersection in the city of Philadelphia. The night was wet and the cartways slippery. The car in which plaintiffs were riding was stopped with its front end just 2 feet into the intersection. As defendant's bus, traveling at a speed of 25 miles an hour, reached the middle of the intersection, the bus driver applied his brakes thereby causing the rear end of the bus to skid toward, and collide with, the front of plaintiffs' car. The question of defendant's negligence was held for the jury.

The evidence that the defendant's truck increased its speed is of importance. In *Healey v. Robertson,*

101 Pa. Superior Ct. 342, the plaintiff had a verdict and the defendant appealed. The defendant approached the bottom of a hill which he planned to ascend. He was then driving at a speed of 35 miles an hour. The highway was covered with slush and ice. As defendant reached the hill he increased his speed and his car skidded into plaintiffs' car which had been proceeding down the hill but which was barely moving at the time of the collision. We stated at page 344: "The jury could conclude from the testimony submitted that defendant recklessly persisted in his attempt to climb the hill and that his duty, instead of speeding up the car, was to stop or at least slow up."

We are aware, of course, of the well established rule in this Commonwealth that the skidding of an automobile does not of itself constitute negligence; that it is incumbent upon the plaintiff to prove that the skidding resulted from the negligent act of the defendant. However, the question of defendant's negligence is for the jury where, as here, the defendant's vehicle proceeded toward an intersection of city streets at a speed of 25 to 30 miles an hour when the streets were wet, and where it appears that the defendant's vehicle increased speed just before it began to skid. The jury might well conclude that the speed was excessive under the circumstances and that the sudden increase of that speed caused the defendant's truck to skid.

The case of *Richardson v. Patterson*, 368 Pa. 495, 84 A. 2d 342, upon which defendant relies, is not in point. There the accident occurred on the Pennsylvania Turnpike. There were ice patches on the road but no general slippery condition. The defendant's car was traveling "very slowly, fifteen to twenty miles an hour" when it started to skid, crossed the medial strip and crashed into plaintiff's car. The court made some point of the lack of evidence of "excessive speed",

15 to 20 miles an hour being considered a reasonable speed in the "open country". In the case at bar, of course, we have a greater speed, a general wet condition, and a city intersection as distinguished from "open country".

We believe that the learned court below in its opinion refusing defendant's motion for judgment n.o.v. has clearly set forth why we should affirm the judgment and we quote, ". . . and the jury, in determining whether his speed was excessive under the circumstances, had the right to consider that, in addition to the evidence that the truck skidded, there was also evidence (a) that it was raining at the time of the accident, (b) that appellant's truck was approaching the intersection of two city streets from the left (so that plaintiff had the right of way) at a speed of 25 to 30 miles per hour, (c) that appellant's truck increased its speed when it was 30 feet from the intersection, and (d) that appellant's truck skidded a distance of 25 to 30 feet, striking plaintiff's standing truck with such force that defendant's truck was spun around and came to a stop only after colliding with a pole some distance from the point of impact."

Judgment affirmed.