Marvin Vale **WILSON**

v.

**PENNSYLVANIA RAILROAD COMPANY.**

Civ. A. No. 12874.

United States District Court
W. D. Pennsylvania.

June 11, 1956.

Louis C. Glasso, Pittsburgh, Pa., for plaintiff.

Bruce R. Martin, Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

On October 16, 1954, plaintiff was a brakeman in the employ of defendant. He was engaged in the releasing of a hand brake on a flat car at Pitcairn, Pennsylvania. While so doing, the brake loosened quickly and with great force, striking the plaintiff's left arm and injuring it. He brought this action against defendant to recover damages resulting from said injuries under the Safety Appliance Act of April 14, 1910, 45 U.S.C. § 11, which provides that "All cars must be equipped with * * * efficient hand brakes". The jury returned a verdict for the plaintiff in the amount of $48,000. The case is now before us on defendant's motion that the Court set aside the verdict and any judgment entered thereon in accordance with defendant's motion for a directed verdict heretofore filed, which asserts that there is no testimony or evidence by which a jury can be permitted to find that the hand brake was not an efficient hand brake at the time of the accident. Before us also is defendant's motion for a new trial for reasons therein stated.

Plaintiff's cause of action was based on the ground that the hand brake involved was not an efficient hand brake. There was evidence that plaintiff had been employed for a number of years by defendant as a brakeman; that at the time of the accident he was engaged in the releasing of the hand brake on the flat car in this case; that when he first attempted to release the hand brake he found it quite stiff. Later it loosened and moved with such strength and violence that it struck him on the left arm, disabling it; that he

was acting in the usual operation of releasing a brake and that the brake did not act in the customary way or usual way. Under these circumstances the question of whether defendant failed to furnish an efficient hand brake was a question of fact for the jury. The jury having found in favor of the plaintiff, judgment must be entered in his favor. See Myers v. Reading Co., 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615.

■■ The defendant's motion for a new trial is based on the premise that a motion for judgment be refused. The first reason in support of the motion for a new trial is that the verdict is against the weight of the evidence. This contention cannot be sustained. The second reason is that the verdict is excessive. The plaintiff at the time of the accident was of the age of forty-four. He had a life expectancy of twenty-seven years. He had received as compensation from his position as a brakeman the year before the accident the amount of $3,557. He had lost earnings up to the date of the trial in the amount of $5,034. There was evidence that his left arm was totally and permanently disabled by reason of the accident; that he had not done any work from the date of the accident to the date of the trial. There was evidence that he had expenses for doctors' bills in the amount of $265. There was evidence that he had much pain, suffering and inconvenience from the time of the accident to the time of the trial; that it was still continuing and would continue during his lifetime. Under these circumstances, I cannot state that the verdict was excessive. Therefore, the second reason is refused. The third reason is to the effect that the Court failed to charge the jury that the damages could be lessened by the plaintiff submitting to an operation. The Court gave its usual charge to the jury, and after the completion thereof, asked counsel if any further instructions were desired. Counsel for defendant stated to the Court in the hearing and

in the presence of the jury what he desired on the point under consideration. The Court adopted this instruction which the jury heard. Therefore, this reason for a new trial must be refused. See Rules of Civil Procedure for the United States District Courts, Nos. 61 and 51, 28 U.S.C.