## Gist v. Allentown Wholesale Distributors, Inc.

*Joseph G. Hildenberger* and *Martin A. Kutler*, for plaintiff.

*Francis H. S. Ede*, for defendant.

WOODRING, J., March 4, 1959.—This is an action in trepass for damages from a collision between plaintiff's automobile and defendant's truck. The jury returned a verdict in favor of plaintiff and defendant has filed motions for a new trial and for judgment n. o. v.

In disposing of defendant's motion for judgment n. o. v., we are required to consider and construe all the evidence and all reasonable inferences therefrom in the light most favorable to plaintiff.[1] Plaintiff must be given the benefit of every fact and inference of fact which may reasonably be deduced from the evidence.[2] Plaintiff is entitled to have the evidence supporting the verdict considered and all of the rest of the evidence rejected.[3]

When thus considered the testimony would support the following facts:

The accident happened on September 16, 1957, at approximately 4:45 p.m. Plaintiff operated a 1949 Ford sedan in an easterly direction on Legislative Route #39013, in Salisbury Township, Lehigh County. Defendant's truck, operated by Lloyd Smith, defendant's employe, then and there engaged in the scope of his employment, traveled in a westerly direction. The highway was crowned and had a macadam surface. The road was wet and it was raining or drizzling at the time of the accident. The highway is on a steep hill with a descending grade from east to west. At or

---

[1] Stark v. Lehigh Foundries, 388 Pa. 1, 130 A. 2d 123.
[2] Beck v. Stanley Company of America, 355 Pa. 608, 50 A. 2d 306.
[3] Kulka v. Nemirovsky, 314 Pa. 134, 170 A. 261.

near the top of the hill is a road sign, "Slippery When Wet". Also, the descending hill was on a curve. Both drivers were familiar with the road and Smith testified that he knew that the highway was crowned and that its surface was slippery when wet.

Plaintiff first saw defendant's truck as it came over the crest of the hill and around a curve. Plaintiff saw the truck veer to the south side of the highway, the eastbound lane in which plaintiff was traveling. Plaintiff pulled to his right and brought his car to a stop or almost to a stop. At that point defendant's truck collided with the left side of plaintiff's car and drove it into a cornfield about 30 feet south of the highway. Plaintiff testified that the truck was traveling between 50 and 60 miles per hour prior to the accident, as it descended the hill and approached plaintiff's car. After the accident defendant's truck continued westwardly a distance of about 100 feet where it struck a bank on the north side of the road.

Defendant's motions raise the following questions:

1. Was there sufficient evidence of defendant's negligence to submit to the jury?

2. Was the award of damages excessive?

3. Did the court err in refusing defendant's request, made at the conclusion of the charge, for instructions concerning contributory negligence?

## I. Sufficiency of Evidence

Defendant argues that plaintiff's case included the fact that defendant's truck skidded, that mere proof of skidding is not proof of negligence and that therefore plaintiff proved no negligence for submission to the jury.

It is true that the mere happening of an accident is not proof of negligence,[4] but the presence of an

---

[4] Schulz v. Reading Transportation Company, 354 Pa. 373, 47 A. 2d 213; Valley Motor Transit Company v. Allison, 153 Pa. Superior Ct. 221, 33 A. 2d 485; Matzasoszki v. Jacobson, 122 Pa. Superior Ct. 180, 186 Atl. 227.

automobile on the wrong side of the highway is prima facie proof of negligence.[5] Again, the mere proof of skidding is not proof of negligence.[6] A motorist is excused from the charge of negligence when his vehicle goes to the left side of the road solely because of a skidding for which he is not to blame.[7] While skidding, in and of itself, is not negligence, it frequently is the result of negligence.[8] Where plaintiff's case establishes that the accident resulted from the skidding of defendant's vehicle, plaintiff must prove that such skidding resulted from defendant's negligence.[9]

If plaintiff's testimony was limited to the fact that defendant's truck skidded to the left side of the highway, defendant's motion would have to be granted. In our opinion, however, plaintiff has established many other facts and circumstances which had to be submitted to the jury. The rainy day, the wet macadam surface, the crowned road, the steep hill, the curve on the hill, the "Slippery When Wet" sign at the top of the hill, the size and nature of defendant's truck, crossing the brow of the hill at 25 to 30 miles per hour, the driver's knowledge of and familiarity with the road conditions, the relative positions of the vehicles after the accident and the nature and extent of the damage to the vehicles are all facts from which the jury could determine the manner in which defendant's truck was operated at the time of the accident. If the truck was

[5] Richardson v. Patterson, 368 Pa. 495, 84 A. 2d 342; Davin v. Levin, 357 Pa. 554, 55 A. 2d 364; Miles v. Myers, 353 Pa. 316, 45 A. 2d 50.

[6] Davin v. Levin, supra; Valley Motor Transit Co. v. Allison, supra; Laessig v. Cerro, 149 Pa. Superior Ct. 155, 27 A. 2d 731; Master v. Goldstein's Fruit and Produce, Inc., 344 Pa. 1, 23 A. 2d 443.

[7] Davin v. Levin, supra; Miles v. Myers, supra.

[8] Davin v. Levin, supra.

[9] Richardson v. Patterson, supra; Valley Motor Transit Co. v. Allison, supra; Laessig v. Cerro, supra.

operated carefully and it suddenly skidded from some unknown or unexpected source, there could be no liability on defendant. On the other hand, defendant knew of the condition of the highway and owed a duty to plaintiff to operate the truck in a careful and prudent manner so that it would not go out of control and collide with plaintiff's automobile. These questions were clearly for the jury and. we are bound by the jury's determination that defendant's truck was operated in a negligent manner. In Davin v. Levin, supra, page 556, Judge O'Toole's opinion, affirmed per curiam, contains:

". . . in [operating his truck] he is required to consider the wet and slippery condition of the adjacent asphalt pavement."

In the case of Miles v. Myers, supra, the late Chief Justice Maxey quoted from Fitzpatrick v. Pralon Cleaners and Dyers, 129 Pa. Superior Ct. 437, 441, 195 Atl. 644:

"The jury had a right to consider the nature and course of the skidding, the absence of chains, the condition of the pavement, the speed of the truck, the manner in which the truck was operated, and the nature of the intersection. The question of the negligence of the driver of the truck was clearly for the jury under the circumstances detailed."

In Mulheirn v. Brown, 322 Pa. 171, 177, 185 Atl. 304, Mr. Justice Stern, later Chief Justice, said:

"He [defendant] sought to excuse the occurrence by contending that the condition of the roadway caused his car to skid, but whether such an explanation sufficiently exculpated him was for the jury. The condition of the roadway was obvious to him and he was bound to have it in contemplation in operating his car."

In Griffith v. V. A. Simrell & Son Co., 304 Pa. 165, 169, 155 Atl. 299, Mr. Justice Schaffer said:

"There [Simpson v. Jones, 284 Pa. 596] the plaintiffs were guests in the defendant's automobile and the skidding of the car was due to something unknown and unexplained while here it is manifest that the skidding was occasioned by the slippery condition of the roadway."

In Laessig v. Cerro, supra, page 158, Judge Baldridge's opinion contains:

"We agree with the following language of the learned court below: 'In the instant case we have more than a mere skidding proved. We also have proof and an agreement that the icy condition which caused the skidding of defendant's car was not an exceptional or isolated condition, but on the contrary, it was a condition which existed over the entire highway in the entire vicinity of the accident. In other words, the skidding in this case might reasonably have been anticipated and it was for the jury to determine, under proper instructions from the court, whether, under the circumstances, the defendant was guilty of negligence.' "

This same rule was recognized by Mr. Justice Kephart in Anderson v. Wood, 264 Pa. 98, 102, 107 Atl. 658:

"Speed is not the only element that enters into the question of negligence, and, regardless of it, a car may be under such imperfect control as to amount to negligent operation, and evidence [thereof] would sustain the charge of negligence."

Under all the circumstances of the case at bar, the manner in which defendant's truck was operated presented a question for the jury. It could not be determined as a matter of law merely because plaintiff on cross-examination, in answer to a leading question, said that defendant's truck was skidding when plaintiff saw it.

## II. Was the Verdict Excessive

The jury returned a verdict of $45,000. Defendant contends that the verdict is excessive and that a new trial should be granted. A review of the undisputed facts in this regard reveals the following:

Plaintiff, on the day of the accident, was 38 years of age. The mortality tables show a life expectancy for males of that age of 30.91 years. He was steadily employed by McDermott Brothers as a layout man. His work consisted of reading blueprints and marking the indicated pattern on the metal which was to be fabricated. He had been thus employed for 18 years, during which period he never missed a day because of sickness. He had good personal habits and did not drink alcoholic beverages. At the time of the accident his rate of pay was $91.20 per week, which rate was increased on March 1, 1958, to $93.60 per week. At these rates plaintiff's loss of earnings to the date of trial amounted to $5,186. The damage to his automobile was $200, fishing tackle which was in the automobile at the time of the accident, $266, and his medical expenses to date of trial were $1,592, a total of $7,244.

Plaintiff suffered bruises and contusions of the entire body, a contusion of the chest, a contusion of the upper left thigh and laceration of the lip. Of more importance, however, plaintiff suffered a transverse fracture of the humerus and of both bones of the lower left arm. On the small finger side of the arm one of the bones punctured the flesh and skin and stuck out through the wound. Three operations have been performed on the arm thus far and plaintiff's surgeon anticipates the desirability of a cervical sympathectomy to correct a nerve involvement which has resulted in the lowering of the temperature of plaintiff's left arm by five degrees. Plaintiff has suffered permanent disability of the left arm. He cannot use it to press, pinch, hold, push, turn, throw, strike or carry.

At $91.20 per week plaintiff's annual earnings were $4,742. At $93.60 per week the annual wage would be $4,867. There was no direct testimony which estimated or attempted to fix the percentage of disability. The following, however, are the present worth calculations based on estimated loss of annual earning ability from $4,500 to $1,500, and for periods of 25, 30 and 35 years.

| Annual Loss | 25 Years | 30 Years | 35 Years |
|---|---|---|---|
| $ 4,500.00 | $57,525.00 | $61,941.00 | $65,241.00 |
| 3,000.00 | 38,350.00 | 41,294.00 | 43,494.00 |
| 2,500.00 | 31,958.00 | 34,412.00 | 36,254.00 |
| 2,250.00 | 28,762.00 | 30,970.00 | 32,620.00 |
| 2,000.00 | 25,566.00 | 27,529.00 | 28,996.00 |
| 1,500.00 | 19,175.00 | 20,647.00 | 21,747.00 |

Accepting the out of pocket expenses and the loss of earnings to the date of trial at $7,244, and, assuming for the purpose of these calculations that the jury allowed an equivalent sum for pain and suffering, there is $30,500 contained in the verdict for present worth of loss of future earning capacity. That is $31,500 less than would have been awarded for a 100 percent disability based upon a 30-year expectancy,[10] $10,700 less than a two thirds disability, about the same as a 50 percent disability, and $10,000 more than a one third disability. While it is not for us to guess at or speculate upon the jury's deliberations, the foregoing demonstration satisfies us that the verdict is not unreasonable or excessive.

Personal injury cases and damages therefor must be decided on their own facts and circumstances. However, two cases have come to our attention on the question of the size of the verdict which may be of some guidance. In Lucibello v. Pope & Talbot, Inc., 103 F. Supp. 411, affirmed 206 F. 2d 784, plaintiff was

---

[10] See table of calculations, supra.

40 years of age, earned about $5,000 annually, suffered an injury to his back and arm and could not engage in manual labor of the type in which previously employed. A verdict of $54,000 was affirmed. In Wilson v. Pennsylvania Railroad Company, 141 F. Supp. 233, affirmed 239 F. 2d 384, plaintiff was 44 years of age, worked as a brakeman and was awarded $48,000 for a totally disabled arm. The award was approved and held to be not excessive.

*III. Did the Court Err in Refusing Defendant's Request Made After the Charge to the Jury Concerning Plaintiff's Contributory Negligence*

At the end of the legal instructions to the jury counsel for defendant stated for the record:

"MR. EDE: The Court is asked to do several things. . . . I ask the Court to call the attention of the Jury to Mr. Smith's testimony as affecting the contributory negligence of Mr. Gist in that Mr. Smith testified that he saw Mr. Gist 300 feet away, whereas Mr. Gist said he did not see the defendant until 150 feet away; that such coverage of territory or road would indicate a speed contrary to safety and not proper driving under the conditions of the road at the time."

This request was denied by the court.

The legal instructions contain a correct statement of the law of negligence, contributory negligence and causation. In addition the trial judge carefully reviewed the contentions of the two sides, plaintiff and defendant. We are of the opinion that, considered in its entirety, the instructions to the jury were given in a fair, impartial and forthright manner, and in such a way that they could be understood and received by the jury. Plaintiff's testimony as to distance was by way of opinion and estimate and not from measurements. Regardless of that, plaintiff was not obliged to anticipate a westbound vehicle in his eastbound lane. Under all the testimony, it is difficult for us to under-

stand how plaintiff, who was off or almost off his lane of traffic at the time of the collision, could have been found guilty of contributory negligence. If the jury determined otherwise, it was at liberty, under the judge's instructions, to deny recovery.

*Order*

And now, March 4, 1959, it is hereby adjudged, ordered and decreed that the motion of Allentown Wholesale Distributors, Inc., defendant, for judgment n. o. v. be and the same is denied and dismissed, and judgment directed to be entered on the verdict in favor of plaintiff, Norman A. Gist, and against defendant, Allentown Wholesale Distributors, Inc.

It is further adjudged, ordered and decreed that the motion for new trial be and the same is denied and dismissed.