# Gunzburger *v.* Rosenthal, Appellant.

*Trover and conversion—Right of action—Principal and agent—Possession—Parties.*

1. As against a stranger possession alone is sufficient to maintain an action of trover and conversion, and in such case, the plaintiff need prove no more than possession.

2. A salesman who delivers goods of his principal in his possession, to an intending purchaser under an agreement that the latter shall return them if the sale is not approved by his house, may maintain an action of trover and conversion to recover the goods if they are not returned according to the agreement.

3. In such a case a memorandum of the items and the prices of the goods given by the agent to the intending purchaser, is not conclusive evidence of a sale and delivery of the goods in view of the agent's testimony as to the agreement under which they were delivered, and his testimony that he had no authority to sell upon the terms proposed by the defendant and had so informed the latter.

Argued Oct. 18, 1909.. Appeal, No. 15, Oct. T., 1909, by defendant, from judgment of C. P. No. 4, Allegheny Co., Fourth Term, 1907, No. 556, on verdict for plaintiff in case of Max Gunzburger v. Miles Rosenthal. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Trespass in the nature of trover to recover damages for the conversion of goods delivered by plaintiff to defendant. Before Carnahan, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial the defendant presented the following points:

1. If the jury find from the evidence that the plaintiff, Max Gunzburger, had not the right of possession to the goods in question at the time of the bringing of this suit, their verdict must be for defendant. *Answer:* Refused. The evidence is that he had such right of possession as entitles him to prosecute this claim. [1]

2. Unless the jury find from the evidence that the plaintiff had some title to the goods in question, and the right to the

possession thereof, at the time of suit brought, their verdict must be for defendant. *Answer:* Refused. The evidence is that he had such title and right of possession as entitles him to prosecute this claim. [2]

8. If the jury find from the evidence that the title to the goods in question, and the right to the possession thereof, were in Fred Kaufman & Co., or someone other than the plaintiff, at the time suit was brought, the verdict should be for the defendant. *Answer:* Refused as stated. See answers to first and second points. [8]

9. Under all the evidence in the case the verdict of the jury should be for defendant. *Answer:* Refused. [9]

Verdict and judgment for plaintiff for $2,179.14. Defendant appealed.

*Errors assigned* were (1, 2, 8, 9) above instructions, quoting them.

*W. W. Stoner,* with him *A. C. Stein,* for appellant.—Plaintiff had no standing to maintain the action: Wells v. Stewart, 5 Binney, 325; Root v. Muhr, 19 W. N. C. 403; Steamboat Co. v. Atkins & Co., 22 Pa. 522; Com. v. Gas Co., 6 Luz. Leg. Reg. 328; Fox v. Pray, 2 Miles, 333; Brownell v. Manchester, 18 Mass. 232; Ludden v. Leavitt, 9 Mass. 104; Coggs v. Bernard, 1 Sm. Leading Cases, 199.

*Joseph Stadtfeld,* for appellee.—No title passes on delivery pending a final settlement of terms: Landry v. Thomas, 3 Phila. 300; Henderson v. Lauck, 21 Pa. 359; Miller v. Munhall, 34 Legal Int. 321.

Plaintiff was a bailee of the goods, with no authority to deliver the amount of goods selected by defendant and, under his contract of employment, personally responsible to his firm for the goods so left with defendant: Edwards on Bailments, sec. 103; Hale on Bailment, pp. 150, 151; Wells v. Stewart, 5 Binney, 325.

The bailee may recover full value: Lyle v. Barker, 5 Binney, 457; Harris v. Smith, 3 S. & R. 20.

OPINION BY MR. JUSTICE POTTER, January 3, 1910:

This was an action of trespass brought to recover the value of certain jewelry which plaintiff alleged had been unlawfully converted by the defendant to his use, and to which plaintiff claimed the right of possession as bailee of the owner. The cause of action being the alleged wrongful conversion of the jewelry which had come lawfully into the hands of the defendant, the rules governing the common-law action of trover and conversion apply. Counsel for both parties concede this in their agreement. The testimony of the plaintiff was to the effect that the goods which are the subject of the suit were left with the defendant upon the express agreement that they were to be held until plaintiff could communicate with his employers, and if they did not approve of a sale upon the terms offered, the goods were to be returned; that the terms of sale were not approved, and that defendant after being so notified refused to return the goods when demand was made for them. That this testimony, if believed by the jury, was sufficient to maintain an action of trover, was not denied. The contention of appellant is that the plaintiff had no such interest in the goods as would enable him to maintain an action to recover them, or damages for their conversion. We do not agree with this contention; for, under the evidence, the plaintiff had actual possession of the chattels, and he also had such special property in them as entitled him to hold them against everyone except his principals. As against a stranger, possession alone is good, and in such case, the plaintiff need prove no more than possession. The authorities abundantly sustain this principle. Thus, in 3 Elliott on Evidence (1905), sec. 2664, it is said: "A sufficient right of property may appear when the plaintiff shows that he has gained an apparently rightful possession. Such a possession is evidence of property, and whoever, by force or fraud, intercepts it without being able to show any right in himself, is liable to this action (trover);" and in 2 Cooley on Torts (3d ed., 1906), 851, sec. 520, appears this statement: "When it is said that the plaintiff in trover must have had, at the time of the conversion, the right to the property, and also a right of possession,

nothing more can be intended than this: that the right of which he complains he has been deprived must have been either a right actually in possession or a right immediately to take possession; it is not enough that it be merely a right of action or a right to take possession at some future day. If, then, the plaintiff shows that property in his possession has been taken and converted, he shows prima facie his right to maintain the suit."

In the present case the plaintiff as agent was intrusted with the possession of the goods by his principals, for the purpose of sale, and this gave him a special interest in them, which entitles him to maintain this action for their conversion.

In the light of the evidence explaining the conditions under which it was issued, there is no merit in the suggestion that the memorandum given by plaintiff to defendant was conclusive evidence of a sale and delivery of the goods described in it. Plaintiff testified that this memorandum was given to defendant upon condition that his employers would agree to the terms offered. If the jury believed his statement in this respect, there was no basis upon which they could find that the memorandum was evidence of a sale. Plaintiff further testified that he had no authority to sell upon the terms proposed by the defendant, and that he so informed him at the time. Under the evidence of the plaintiff the memorandum was nothing more than the statement of an offer by the defendant, to be submitted by the plaintiff to his principals for approval.

The assignments of error are overruled, and the judgment is affirmed.