## Walleigh *v.* Bean, Appellant.

*Negligence—Automobiles—Highways — Bicycle — Contributory negligence—Case for jury.*

In an action to recover damages for the death of plaintiff's decedent the question of the deceased's contributory negligence is for the jury where it appears that the latter was struck by the defendant's automobile which was running at an excessive rate of speed upon the wrong side of the highway and that the plaintiff's decedent was crossing the street and had to travel over a space of but five feet three inches to reach the side, where it was his duty to go, in following the rules of the road, at a time when the defendant's automobile was 160 feet away.

Argued Feb. 3, 1915. Appeal, No. 371, Jan. T., 1914, by defendant, from judgment of C. P. Montgomery Co., Dec. T., 1913, No. 67, on verdict for plaintiff in case of Laura M. Walleigh v. Oliver K. Bean.  Before BROWN, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SWARTZ, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $3,250, and judgment thereon.  Defendant appealed.

*Error assigned* was in refusing binding instructions for the defendant.

*Franklin L. Wright* and *N. H. Larzelere,* with them

*Henry M. Brownback* and *C. Townley Larzelere,* for appellant, cited: McCracken v. Consolidated Traction Company, 201 Pa. 378; Black v. Philadelphia Rapid Transit Co., 239 Pa. 463; Reading & Columbia R. R. Co. v. Ritchie, 102 Pa. 425; Coppuck v. Philadelphia, Wilmington & Balto. R. R. Co., 191 Pa. 172; Schmidt v. Philadelphia & Reading Ry. Co., 244 Pa. 205; Blotz v. Lehigh Valley R. R. Co., 212 Pa. 154.

*Theodore Lane Bean,* for appellee.

PER CURIAM, March 1, 1915:

Main street, the principal thoroughfare of the Borough of Norristown, is fifty feet wide from curb to curb and runs east and west. Appellee's husband, in crossing this street on a bicycle from the south to the north side, for the purpose of going westward to his home, was struck by an automobile owned and operated by the appellant, and his death resulted from the collision. On this appeal it was not seriously contended, as it could not have been, that the question of the defendant's negligence could have been taken from the jury. The automobile of the defendant, coming from the west, was not following the rule of the road, for it was on the left hand side of the street, going east, and, according to the testimony, was running at an excessive rate of speed. It is, however, earnestly contended that the court should have instructed the jury that the contributory negligence of the deceased barred his widow's right to recover. It would serve no useful purpose to refer in detail to the testimony, which made it the duty of the trial judge to submit that question to the jury. The presumption that the deceased had exercised proper care in crossing the street was in itself sufficient to send the case to the jury, as it was not rebutted by undisputed evidence: Schmidt v. Philadelphia & Reading Railway Company, 244 Pa. 205. In addition to this presumption there was testimony that, when the de-

ceased was riding across the street, and had to travel over a space of but five feet and three inches to reach the north side, where it was his duty to go in following the rule of the road, the automobile of the defendant was one hundred and sixty feet west. In view of this the court would have clearly erred if it had held, as a matter of law, that the deceased was guilty of contributory negligence in not stopping his bicycle and waiting until the automobile passed by. A fair inference to be drawn by the jury was that he had a right to assume that he might safely cross over before the automobile reached him.

Judgment affirmed.