Juniata Acceptance Corporation, to use, *v.* Hoffman, Appellant.

Argued December 13, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Thomas D. Caldwell,* of *Caldwell, Fox & Stoner,* for appellant.

*W. E. Shissler,* for appellee.

OPINION BY BALDRIGE, J., March 2, 1940:

This appeal is from a judgment obtained by the use-plaintiff against the defendant in an action of trespass. The facts agreed upon and placed on record in the form of a case stated are, in substance, as follows.

On June 16, 1936, Wallace and Sarah Woodring under a bailment lease, in which Cupp Motor Company was bailor, came into possession of an automobile. The bailees agreed to pay as rent $295.02, $100 of which was paid upon delivery of the car and the balance was to be paid in monthly installments: one of $19.02 and the remaining eleven in the amount of $16 each. The lease gave an option to the lessees to purchase the car at the end of the term, upon compliance with its provisions and the payment of an additional nominal sum, namely, $1.

The bailor assigned its interest to the Juniata Acceptance Corporation, and it forthwith took out with the Sun Underwriters Insurance Company, use-plaintiff herein, a policy of indemnity insurance against damage to the automobile.

On August 15, 1936, when the car was being operated by one of the bailees, a collision occurred due solely to the negligence of defendant's employee. On that date the bailees had made their monthly payments in accordance with the terms of the lease and there remained unpaid installments, not due, amounting to $176. The bailees had, therefore, an interest at that time in the automobile to the extent of their payments, aggregating $119.02, and the right of possession thereto.

The bailees, acting on their own behalf only, presented a claim to the defendant for the estimated cost of the repairs amounting to $76.55, the automobile

being but partially damaged. He promptly paid that sum to the lessees and obtained from them a release. The bailees did not repair the car and thereafter failed to pay their monthly installments. The finance company, after the default, repossessed the car and had it repaired for the sum defendant had paid to the bailees. The parties, in their statement of facts, agreed that the car was restored "substantially to its condition immediately prior to the accident." The finance company sold the car for $172, thus sustaining a loss of $80.55, based upon the rental which bailees were to pay.

The insurance company thereafter paid for the repairs and received from the finance company a subrogation receipt, and an assignment of all its claims against the defendant. A demand on the defendant to pay the sum of $76.55, the amount of the repair bill, was refused and thereupon suit was brought.

The question before us is: May the use-plaintiff, who stands in the shoes of the bailor, under the foregoing facts recover from the defendant the amount of damage sustained to the bailed chattel?

The modern rule, now generally approved, is that where bailed property is converted, lost or injured during the continuance of a bailment there may be concurrent rights in the bailor and the bailee, if their respective interests are affected: 6 Am. Jur., Bailments, sec. 305. A bailor's right to recover is confined to the damage he has sustained to his reversionary interest, but if it has not been affected he suffers no loss. His right to sue does not extend so far as to prevent the bailee from bringing his action for the full amount of the damages. It follows that if he can sue he may settle, provided the settlement is fair and reasonable. It is not contended, in this case, that the amount the defendant paid the bailee was inadequate.

The court below held, in entering judgment, and the appellee contends, that *General Motors Acceptance Corporation v. B. & O. R. R. Co.*, 97 Pa. Superior Ct. 93,

and *National Bond and Investment Co. v. Gill*, 123 Pa. Superior Ct. 341, 187 A. 75, rule the present case. In those opinions we held that a bailor and a bailee, under a bailment lease of a motor vehicle containing an option to purchase, possess a separate property interest and a separate right of action against the wrongdoer, where the vehicle is *destroyed* or *damaged beyond repair*.

In the Gill case the amount owing the bailor at the time of the accident was $515.84, and the bailed car was "wrecked, practically beyond repair." The bailor brought suit to recover the value of his interest. We held that the court below properly excluded evidence of a previous settlement by the bailee with the third party in the sum of $263, covering "all claims and demands of every kind" as it was not binding on the bailor and therefore not material. We there said, "Whatever may be the right of a bailee, under a contract of bailment, to sue a tortfeasor for all damages to the subject of the bailment, and whatever may be the effect of a verdict so recovered upon the rights of the bailor, there are many reasons why the settlement made by the bailee *in this case* should have no effect upon the rights of his bailor." (Italics supplied.)

We do not intend to depart from any of the principles announced in the General Motors Acceptance Corporation and Gill cases involving a total destruction of the bailed property, but we do not regard them as controlling in this case where the property was only damaged. There exists also an important distinction between the Gill case and the one at bar. In the former the defendant paid but part of the damage; here the defendant paid the full amount of the damage to the bailee.

The rule of common law was that the bailee could by *suit* recover full damages in case of destruction or conversion of the chattel: *McCrossan v. Reilly*, 33 Pa. Superior Ct. 628. In *Smyth v. Fidelity & Deposit Co. of Maryland*, 125 Pa. Superior Ct. 597, 190 A. 398

(affirmed per curiam in 326 Pa. 391, 192 A. 640), Judge CUNNINGHAM, speaking for this court, said (p. 605): "There can be no doubt about the rule that a bailee in possession of personal property, is entitled, as against a third party, to recover the full value of the bailed property in case of its destruction or conversion by the third party, the bailee being liable over to the bailor for any damage recovered in excess of his interest: *McCrossan v. Reilly*, 33 Pa. Superior Ct. 628; *Gunzberger v. Rosenthal*, 226 Pa. 300, 75 A. 418; *Penna. R. R. Co. v. Farrell*, 64 Pa. Superior Ct. 296."

This principle is set forth in 6 Am. Jur., p. 390, sec. 306, in the following language: "Moreover, it is clear that a prior recovery by the bailee of full damages from the wrongdoer amounts, in law, to a complete satisfaction, so that the bailor may not thereafter recover from the same party for the same injury ......"

The Restatement, Torts, sec. 251, adopts the view that satisfaction of a judgment, obtained by the bailee against the tortfeasor in cases of conversion of the chattel, bars further action by the bailor.

In the instant case, as we have seen, the property was damaged but not entirely destroyed. The possession was legally in the bailees, as the term of the lease had not expired and they were not in default. The settlement with the bailees, in whose possession the bailor placed the chattel, was a fair one covering the full amount of the damage. As a matter of equity and justice, the defendant should not be required to pay twice for the same injury. "Inasmuch as the law does not allow a defendant to be vexed twice for the same wrong, a recovery by the person having a special property, and satisfaction by the wrongdoer, discharges the latter from all liability to the owner": *Hardman v. Brett*, 37 F. 803, 805, 2 L. R. A. 173.

If these bailees had continued paying the installments under the terms of the lease, or if the automobile had been repaired, the bailor would have suffered no dam-

age. All the loss accrued after the damage had been sustained by reason of the bailees' default.

It will be noted that the amount paid to the bailees did not exceed the total they paid to the bailor, which aggregated $119.02. This was approximately 40% of the value of the car as fixed by the parties two months prior, when the lease was executed. If the damage to the automobile had been irreparable or its value depreciated after its repair, there would be much force to the appellee's contention, but, as already observed, the injury thereto was slight.

We have not discussed the question raised by the appellant that the bailor, because he was not in possession of the car and the lessees had not defaulted in payment at the time the car was damaged, was not entitled to possession. The cases relied upon in support of that position are not helpful as they were trespass actions brought prior to 1887, when the distinction between trespass and trespass on the case was abolished.

We called attention in *Commercial Banking Corp. v. Active Loan Co. of Philadelphia*, 135 Pa. Superior Ct. 124, 133, 4 A. 2d 616, to the modern rule that where the ownership in chattels is divided under bailment leases, an action of trespass for conversion of the interest of the bailor will lie, even though the bailor is not technically entitled to possession at the time of the wrong. See, also, 6 University of Pittsburgh Law Review, pp. 22, 23.

For the reasons we have discussed, the judgment is reversed and entered for defendant.