## Gardner v. The Freystown Mutual Fire Insurance Company

*Mark E. Garber*, for plaintiff.

*Douglas D. Storey*, for defendant.

REESE, P. J., June 19, 1943.—This is an action in assumpsit to recover on two policies of fire insurance issued by defendant company, each in the sum of $3,-000. The statement of claim sets forth substantially

that plaintiff was the owner of a building used as a warehouse for the storage of grain in the Borough of Mt. Holly Springs. He accepted wheat for storage in the warehouse from various persons, and issued his negotiable warehouse receipts therefor. A copy of the warehouse receipt is attached to the statement of claim. Plaintiff had also entered into a written agreement with the Secretary of Agriculture on a form, a copy of which is attached to the statement, known as the United States Government Uniform Grain Storage Agreement "CCC Form H".

At the time of the fire in the warehouse on October 2, 1942, there was stored 7,652.54 bushels of wheat, all of which was owned by Reese S. Himes, to the extent of 385.5 bushels; Joseph Griest, to the extent of 203.4 bushels; Harper Smith, to the extent of 88.5 bushels; and the Commodity Credit Corporation, to the extent of 6,975.14 bushels. All of this wheat was destroyed in the fire.

The warehouse receipts issued to the above-named owners of the wheat stated: "This grain is fully insured against loss or damage by fire . . . for the full market value thereof." The receipts also provided: ". . . this receipt is issued and delivered subject to all the terms and provisions of a certain Uniform Grain Storage Agreement, designated as 'CCC Form H'." The uniform grain storage agreement states, in paragraph 11: ". . . [plaintiff] will insure, and at all times keep insured, in his own name, all the eligible grain which is stored in the warehouse, for the full market value of such grain, against loss or damage by fire . . . and in the event of any loss or damage to any grain in the warehouse, or to the warehouse, . . . he will immediately notify the Secretary and the holders of the warehouse receipts, as the holders appear on the records of the warehouseman, and he will promptly take the steps necessary to collect any moneys which may

be due as indemnity for such loss or damage to eligible grain, and, as soon as collected, will pay to the holders of such warehouse receipts such moneys as may be collected for loss or damage to grain represented by such warehouse receipts."

Each fire insurance policy insured plaintiff for $3,000 "on stock consisting principally of wheat . . . ; also on the insured's interest in and on the insured's legal liability for similar property held by the insured, as follows, viz: . . . or on storage . . . ."

Plaintiff also had another policy for $3,000 in another company, thus making a total of $9,000 insurance on the wheat, the value of which exceeded that sum. Plaintiff, therefore, seeks to recover from defendant company the sum of $6,000.

Defendant company has filed an affidavit of defense, raising the question of law that the owners of the wheat are the real parties in interest, and that under Pa. R. C. P. 2002(a) this action must be brought in their names and that plaintiff cannot maintain the action. Pa. R. C. P. 2002(a) provides:

"Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts."

In Goodrich-Amram Civil Practice it is stated that Rule 2002 was intended primarily to permit the assignee to sue in his own name, without joining the assignor as a nominal party. It is also pointed out that the rule does not work any change in the substantive law and that it does not, nor does it purport to, determine when a person will be recognized as the real party in interest. The authors define the real party in interest as follows:

(2002(a) 3) "The real party in interest of a given chose in action is the person who can discharge it and

can control an action brought to enforce it. This does not mean that the real party in interest is the person who is ultimately entitled to the benefit of any recovery obtained nor the person beneficially interested therein. . . . If the person in question has the ability to discharge the obligation, even though he might violate a duty to a third person in so doing, and if the person in question can control the action he is the real party in interest."

It seems to us that the foregoing definition covers plaintiff in the present case. The contracts of insurance were made with him and covered his interest in and his legal liability for wheat held by him for storage. Under his contracts with the owners of the wheat he was under a duty to keep their wheat fully insured, and it was contemplated by those agreements that he should, in the event of a loss, "promptly take the steps necessary to collect any moneys which may be due as indemnity for such loss." In 6 Am. Jur. 322 it is stated, with citation of authorities, that a bailee or warehouseman who carries insurance on the property in his possession, which is owned by others, can sue on the policies issued in his name.

It may be true that owners of the wheat are also real parties in interest and that they, too, can maintain actions directly against the defendant company on the policies issued to plaintiff herein. The right of the bailors to sue on the policies in such situations is recognized in 6 Am. Jur. 383, 61 A. L. R. 720, and 8 Couch on Insurance 6732.

Defendant company herein fears that if the present action is maintained in the name of plaintiff the matter will not be res adjudicata and defendant company may be subjected to double liability. We do not believe this to be the case. There are many situations where either one of two parties may maintain an action against a given defendant, but a recovery by one is

a bar to any recovery by the other. The present situation is very similar to the situation where property in the possession of a bailee is damaged or destroyed by the negligence or default of a third person. In such ·case it has always been the law that an action can be maintained against the third person by either the bailee or bailor. In Smyth v. Fidelity & Deposit Company of Maryland, 125 Pa. Superior Ct. 597, 605, it is stated:

" 'There can be no doubt about the rule that a bailee in possession of personal property, is entitled, as against a third party, to recover the full value of the bailed property in case of its destruction or conversion by the third party, the bailee being liable over to the bailor for any damage recovered in excess of his interest . . .' "

And in Juniata Acceptance Corp., to use, v. Hoffman, 139 Pa. Superior Ct. 87, 91:

" 'Moreover, it is clear that a prior recovery by the bailee of full damages from the wrongdoer amounts, in law, to a complete satisfaction, so that the bailor may not thereafter recover from the same party for the same injury . . .' " To the same effect is the A. L. I. Restatement of Torts, §251.

In the supposed situation it would appear that either the bailee or bailor is a real party in interest. In the situation now before us, which is analogous thereto, we are of the opinion that either the plaintiff, as bailee, or the owners of the wheat are real parties in interest and that if the present suit is prosecuted by plaintiff satisfaction of judgment in his favor would bar any further action by the owners of the wheat. Their only remedy thereafter would be to compel plaintiff to account for the proceeds. In fact, plaintiff's agreement with them contemplates this exact procedure.

The present situation is also analogous to a situation where a contract is made between a promisor and a promisee for the benefit of a third person. Either

the promisee or the third person may maintain an action; Pa. R. C. P. 2002($b$) provides that a plaintiff may sue in his own name without joining any person beneficially interested when the plaintiff is a person with whom and in whose name a contract has been made for the benefit of another.

We conclude, therefore, that plaintiff herein is a real party in interest and that satisfaction of judgment in his favor will bar any claim by the owners of the wheat against defendant company.

And now, June 19, 1943, the question of law raised by the affidavit of defense is decided against defendant, and defendant is granted 15 days within which to file an affidavit of defense to the merits.