## Karam *v.* Pennsylvania Power & Light Company, Appellant.

Argued March 1, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Gailey C. Keller,* with him *Smith, Eves and Keller,* for appellant.

*Richard C. Shadyac,* with him *C. W. Dickson, David C. Dickson, Jr.,* and *McGinnis, Berg, Shadyac & Nolan,* for appellee.

OPINION BY JACOBS, J., April 15, 1965:

In this wrongful death and survival action the jury awarded verdicts in favor of the plaintiff in both actions. The verdict in the wrongful death action was $3000.00 and the verdict in the survival action was $5000.00. Defendant's motions for judgment n.o.v. and a new trial were refused by the court below and judgments entered on the verdicts. The defendant power company has appealed from the judgments so entered. In its argument appellant asks for judgment n.o.v.

We have evaluated the testimony in the light most favorable to the verdict winner as we are required to do in considering a request for judgment n.o.v. *Matkevich v. Robertson,* 403 Pa. 200. Plaintiff is entitled to have the oral evidence supporting the verdict considered and all the rest rejected. *Sorrentino v. Graziano,* 341 Pa. 113,

The decedent was electrocuted on June 24, 1962, at approximately 11:13 p.m. when the car he was backing on Eighth Street, a public street in the Town of Bloomsburg, came into contact with electricity from a 2300 volt broken live wire of appellant's transmission system. A severe storm had caused the wire to break and fall to the street. The appellant, whose repair station was located about 1½ blocks from the scene, was notified that the wire was down at 11:05 p.m. Ten employees of appellant were on duty at that time, four of whom were qualified to handle this live wire. No repairman arrived at the scene of the fallen wire nor was anything else done to correct the situation prior to the time that the decedent was killed.

The decedent was 18 years of age and of normal intelligence at the time of his death. He was returning home with his younger brother after inspecting his mother's place of business for damages from the storm. The decedent's uncle was standing near the corner of Eighth and Iron Streets as decedent drove up and stopped. Decedent told his uncle he had to take Eighth Street to go home because Seventh Street by which he had planned to go was flooded. The uncle told him that he thought there were some wires ahead which he couldn't see and a hot wire nearby in front of his parked car. The end of the hot wire was near the curb and a number of other cars had passed it safely. Decedent proceeded slowly west on Eighth Street passing the hot wire. When he came to a wire curled up in the middle of the street he was afraid to proceed farther and started to back his car. He asked his uncle to watch him as he backed. With door open and window down and looking to the rear he slowly backed. At this point the electrocution occurred.

The defendant asks that judgment n.o.v. be entered in its favor on two bases. It argues that the court should not have submitted the matter of the defend-

ant's negligence to the jury because the facts present no evidence of negligence on the part of the defendant and that the decedent was contributorily negligent as a matter of law. We will consider the matter of the defendant's negligence first.

If there was evidence on which the jury could find that the defendant was negligent the verdict in this regard must stand. *Pantuso v. Pittsburgh Motor Coach Co.*, 360 Pa. 464. It could fairly be found from the evidence that at least eight minutes elapsed from the time that the defendant was notified that the wires were down until the decedent was killed; that the defendant's repair shop was 1½ blocks away from the scene of the disaster and that the defendant did nothing within that eight minutes to correct the situation although it had at least four men available who were qualified to repair live wires. The court left it to the jury to determine whether or not the defendant remedied the dangerous condition within a reasonable time. That was a factual question and properly submitted to the jury.

"The salutary and well settled rule in this commonwealth is that one using a dangerous agency or instrumentality is bound to exercise care commensurate with the danger. One maintaining a high voltage electric wire line is required to exercise the highest degree of care practicable." *Markovich v. Jefferson Coal & Coke Corp.*, 146 Pa. Superior Ct. 108; *Fitzgerald v. Edison Electric Illuminating Co.*, 200 Pa. 540; *Daltry v. Media Electric Light, Heat & Power Co.*, 208 Pa. 403. Since there was no evidence of faulty construction or a previous defective condition of which the company should have known, no inference of negligence arose from the mere breaking of the wire, but, if the defendant permitted the wire to remain in the street after actual notice of the condition without taking reasonably prompt steps to avoid danger to

those using the street the defendant would be liable for the consequences. *Zinkiewicz v. Citizens' Electric & Illuminating Co.*, 53 Pa. Superior Ct. 572. As was further said in the *Zinkiewicz* case "The term 'a long time', when used in referring to the continuance of a peril to those using a public highway, is a relative one. What would be a reasonable length of time, from the lapse of which notice to the party responsible would be inferred, must vary with the character of the peril and the surrounding conditions." This latter principle was reiterated in *Grossheim v. Pittsburgh & Allegheny Telephone Co.*, 255 Pa. 382, a case cited by the appellant in its brief.

What were the circumstances of this case? A 2300 volt live wire was down in the street and the defendant had notice of the break. The street was filled with water which, it could be inferred, made an additional hazard. There was testimony to show that within eight or ten minutes, immediately prior to the tragedy, five or six automobiles traversed the street showing it to be a rather busy street. The defendant's repair shop was about 1½ blocks away from the broken wire. At the time the defendant received notice of the break in the wire it was the only broken high tension wire of which it had notice. Under those circumstances we cannot hold that the jury was unwarranted in finding that the defendant waited an unreasonable length of time before correcting the situation. The defendant appears to feel that as a matter of law eight minutes could not be an unreasonable length of time. Whether or not, under the circumstances of the case, eight minutes was a reasonable or an unreasonable time was purely a factual question to be decided by the jury. We may not usurp the jury's function.

The matter of the defendant's contributory negligence was also a factual question to be determined by the jury. The jury found that the decedent was not

contributorily negligent and there is sufficient evidence to support that finding. The decedent proceeded slowly down the street past the live wire. He was careful to avoid it and when he came to another wire lying in the center of the street, rather than run the risk of crossing the wire ahead of him, he decided to back his car out of the street. He had already safely passed the live wire while going forward and he opened the door and window on his side of the car to improve his view to the rear and asked his uncle to watch him as he backed. Whether or not this was lack of due care on the part of the decedent for his own protection was left to the jury to determine. We will not disturb their finding in that regard.

Appellant contends that the decedent was negligent because he had a choice of ways and took the dangerous way rather than another and safer way. The fallacy of this argument is that no safer way was shown. The appellant offered no testimony on ways and the only other way mentioned was Seventh Street which the decedent himself said was flooded and could not be travelled. The doctrine does not apply under those circumstances. *Perry v. Pittsburgh Railways Co.,* 357 Pa. 608.

The finding of the jury that the decedent was not contributorily negligent and the action of the trial judge in submitting the question to the jury are bolstered by several well established rules. When a person is killed in an accident a factual presumption arises that the deceased at the time of the accident was exercising due care. Such presumption can be rebutted by evidence but if not so rebutted the presumption is in itself sufficient to send the case to the jury. *Morin v. Kreidt,* 310 Pa. 90; *Walleigh v. Bean,* 248 Pa. 339. In the second place the burden of proving contributory negligence is upon the defendant. *Stegmuller v. Davis,* 408 Pa. 267; *Heimbach v. Peltz,* 384

Pa. 308. The defendant made no effort to meet this burden, but claims that the plaintiff had the burden of showing a case clear of contributory negligence. This is not correct and it was held in *Brown v. Jones,* 404 Pa. 513, that an instruction of the court that it was the plaintiff's obligation to "show you a case which is free of contributory negligence" was reversible error.

Finally, contributory negligence may be declared as a matter of law only when it is so clearly revealed that fair and reasonable persons cannot disagree as to its existence. *Ashcraft v. C. G. Hussey & Co.*, 359 Pa. 129; *Kurtz v. Philadelphia Transportation Co.*, 394 Pa. 324. This is not such a case.

Judgments affirmed.

WRIGHT, J., concurs in the result.