**Narin v. Pierce Leahy Corp.**

C.P. of Delaware County, no. 92-16839.

*Stephen B. Narin,* pro se.
*Jennifer Gallagher,* for defendant.

McGOVERN, *J.,* June 13, 1996—Plaintiff appeals from the denial of his post-trial motions. Plaintiff originally filed this action seeking to recover from defendant bailee for the destruction of plaintiff's files.

Plaintiff, an attorney, was a member of the law firm of Narin & Chait when the firm terminated practice September 30, 1989. Plaintiff was also employed as vice president and house counsel to Travelco Associates from August 11, 1989 until April 13, 1990. (N.T. 27-28.) Plaintiff became associated with another law firm on or about October 1, 1989 and continued his practice of law. When plaintiff's prior law firm terminated its practice, plaintiff had some 34 boxes containing his files stored at the defendant's facility but under Travelco's account. (N.T. 28-32; trial exhibits P-1 and P-2.) Plaintiff, on August 7, 1991, sent a letter to defendant advising that his law office files were in storage under the Travelco account. (N.T. 18; trial exhibit P-5.) Plaintiff indicated therein a desire to transfer the boxes of files to an account in his own name or one of his present law firm. Plaintiff spoke several times thereafter to Lori Ann Palcheck, a customer service representative for the defendant, who advised plaintiff that the transfer of the stored files could occur provided that the outstanding storage charges were paid, and so long as the account owner, Travelco, authorized the transfer in writing. Plaintiff agreed to pay the charges and asked Ms. Palcheck to secure the authorization from Milton M. Adler of Travelco who was the administrator that had signed this storage contract with defendant on April

3, 1984. (N.T. 20-23.) Ms. Palcheck then referred the matter to Ms. Claire Noykoff, in defendant's accounts receivable department, who in turn contacted Mr. Adler. The latter indicated that he would see that a letter of authorization was sent to defendant. (N.T. 19, 21-25, 32-33, 46-54; trial exhibit P-7.) A letter was never received by defendant from anyone at Travelco or anyone representing them.

Defendant advised plaintiff that the necessary written authorization had not been received by August 23, 1991. Plaintiff responded that he would contact Mr. Adler. (Trial exhibit D-6.) This was the last communication between plaintiff and defendant until June of the following year. Written authorization for release of the files was never provided to defendant, nor were the overdue storage charges paid on the Travelco account. Plaintiff said that he did not pay those charges because he never received a bill therefor. (N.T. 33-34.) Defendant never promised to send plaintiff a bill.

Plaintiff called for two of his files in June 1992. Defendant advised plaintiff on July 1, 1992 that all of the Travelco files, including plaintiff's law files, had been destroyed. (N.T. 14, 34-35.)

The evidence suggests that plaintiff thought defendant would secure the necessary information and bill him later, and that defendant thought it did all it could and, having received no letter of authorization, placed the matter back in plaintiff's hands to pursue.

The manager of Travelco told plaintiff that he would send a letter of authorization. It is not clear whether the manager had the authority or gave permission, although that is what plaintiff concluded. That communication, in any event, was never forwarded to defendant nor was any letter or any other communication from the manager given to the defendant.

The court concluded, based upon all of the evidence, that the contract entered into between Travelco and

defendant, April 3, 1984, did not afford plaintiff any right to remove items that had been stored there by Travelco. The contract provides that modification of it may not be made orally. (Exhibit P-1, paragraph 14.) Defendant properly followed the provision providing for the destruction of items stored where the storage had not been paid. Further, plaintiff never produced evidence sufficient to establish a superior right to Travelco over the files in question. The contract was never amended to include plaintiff as a third party. The terms of the contract provided that items stored could not be released to anyone other than persons authorized by Travelco and any modification thereof must be in writing. (Exhibit P-6, paragraphs 4, 7 and 14.) Had defendant released the files in question to plaintiff, it would have been liable to Travelco for conversion.

This court, therefore, found that plaintiff had failed to meet the threshold requirement of substantiating a right to the instant property superior to that of the defendant and Travelco so as to maintain a cause of action for conversion. A verdict was entered for the defendant and against plaintiff, whose post-trial motions were denied.

## I. JUDGMENT NOTWITHSTANDING THE VERDICT

Plaintiff contends that the court erred in declining to enter a judgment notwithstanding the verdict. The legal focus thus becomes whether or not there was sufficient competent evidence in the record to sustain the verdict. *Spagnol Enterprises Inc. v. Digital Equipment Corp.,* 390 Pa. Super. 372, 568 A.2d 948 (1989), *alloc. denied,* 526 Pa. 638, 584 A.2d 320 (1990); *Wenrick v. Schloemann-Siemag Aktiengesellschaft,* 523 Pa. 1, 564 A.2d 1244 (1989); *Thomas v. Allegheny & Eastern Coal Co.,* 309 Pa. Super. 333, 455 A.2d 637 (1982).

The court, to substantiate the granting of such a motion, must be satisfied that the facts in this case are such that no two reasonable minds could fail to agree that the verdict was improper. *Pirozzi v. Penske Olds-Cadillac-GMC,* 413 Pa. Super. 308, 605 A.2d 373 (1992), *alloc. denied,* 532 Pa. 665, 616 A.2d 985 (1992); *Gray v. H.C. Duke & Sons Inc.,* 387 Pa. Super. 95, 563 A.2d 1201 (1989), *alloc. denied,* 525 Pa. 583, 575 A.2d 114 (1990). The verdict winner is afforded the benefit of any doubt and of every fact and reasonable inference deducible from the evidence. *Robertson v. Atlantic Richfield Petroleum Products Company,* 371 Pa. Super. 49, 537 A.2d 814 (1987), *alloc. denied,* 520 Pa. 590, 551 A.2d 216 (1988). The standard is no different on appeal. *Mike v. Borough of Aliquippa,* 279 Pa. Super. 382, 421 A.2d 251 (1980); *Karam v. Pennsylvania Power & Light Co.,* 205 Pa. Super. 318, 208 A.2d 876 (1965); *Wilkerson v. Philadelphia Transportation Co.,* 167 Pa. Super. 616, 76 A.2d 430 (1950); *Pinto v. Bell Fruit Co. Inc.,* 148 Pa. Super. 132, 24 A.2d 768 (1942).

Plaintiff's sole cause here rests in an action for conversion.[1] Pennsylvania law compels the plaintiff, therefore, to prove by a preponderance of the evidence that his title was superior to that of defendant. *In re Petition of Allstate Insurance Co.,* 289 Pa. Super. 329, 333, 433 A.2d 91, 93 (1981), citing *Commercial Banking Corp. v. Active Loan Co. of Philadelphia,* 135 Pa. Super. 124, 133, 4 A.2d 616, 620 (1938). Plaintiff, in a replevin action, must establish his right to possession of the property in issue by a preponderance of the evidence and when plaintiff has successfully done so, the burden then shifts to the defendant to prove its right to retain possession. See *e.g., Blossom Products Corp. v. National Underwear Co.,* 325 Pa. 383, 386-87, 191 A. 40, 41-42

---

1. Although plaintiff included other theories of liability in his complaint, he stated at trial that his "whole case is based on conversion." (N.T. 70-71.)

(1937). See also, 77 C.J.S., Replevin §183 (1952); 31 Pennsylvania Law Encyclopedia, Replevin §§37, 39 (1960). Plaintiff, in the case at bar, offered only his own conclusions that he was entitled by right to possession. The evidence clearly establishes, however, that the contract concerning this bailment was solely between defendant and Travelco. Plaintiff was never a party thereto. The evidence also clearly establishes that Travelco never authorized defendant to release any portion of the items, which included plaintiff's files, stored at defendant's facility pursuant to the said contract.

Conversion consists in the deprivation of another's right of property in, or use or possession of, a chattel, without the other's consent and without lawful justification. *Eisenhauer v. Clock Towers Associates,* 399 Pa. Super. 238, 582 A.2d 33 (1990); *Shonberger v. Oswell,* 365 Pa. Super. 481, 484, 530 A.2d 112, 114 (1987), citing *Stevenson v. Economy Bank of Ambridge,* 413 Pa. 442, 451, 197 A.2d 721, 726 (1964). When such deprivation occurs, a plaintiff may institute litigation if he had actual or constructive possession, or an immediate right to possession of the chattel at the time of the conversion. *Bank of Landisburg v. Burruss,* 362 Pa. Super. 317, 321, 524 A.2d 896, 898 (1987), *alloc. denied,* 516 Pa. 625, 532 A.2d 436 (1987); *Potts Run Coal Co. v. Benjamin Coal Co.,* 285 Pa. Super. 128, 135, 426 A.2d 1175, 1178 (1981). The issue simply stated is to determine whether or not the plaintiff had a superior right to that of the defendant to possess the file boxes in question. Plaintiff does not even have to establish ownership, simply a superior right. *Gunzburger v. Rosenthal,* 226 Pa. 300, 75 A. 418 (1910); *Bank of Landisburg v. Burruss, supra;* Restatement (Second) of Torts §224A.

The evidence in the case at bar clearly establishes that the defendant requested proof of plaintiff's entitlement to the files in question in the form of written authorization from Travelco, the other contracting party

to the bailment agreement, and that such was never received by defendant. The legitimacy of the defendant's possession of all of the items, including plaintiff's files, has never been challenged. It is clear that plaintiff knowingly and voluntarily commingled his files with those of Travelco and allowed them to be stored at defendant's facility without any prior knowledge or instructions to the defendant concerning those files. It is clear that only Travelco was responsible for the storage charge of those files. The law of contracts and this contract clearly give defendant the right to demand payment of overdue charges. (N.T. 31-32.) Plaintiff was fully aware of the conditions attached by defendant to the release or transfer of his files, to wit, payment of the back storage charges and written authorization from Travelco. Although plaintiff assured defendant that he would meet both conditions, plaintiff never did. The conditions imposed upon plaintiff for the release of files are consistent with Pennsylvania law and the defendant is permitted under that law to make a qualified refusal to surrender "for the purpose of a reasonable opportunity to identify . . ." a claimant who is not party to the bailment contract. Restatement (Second) of Torts §239. Further: "one in possession of a chattel who is in reasonable doubt as to the right of a claimant to its immediate possession does not become a converter by making a qualified refusal to surrender the chattel to the claimant for the purpose of affording a reasonable opportunity to inquire into such right." Restatement (Second) of Torts §240(1).

See also, *Universal Computer Systems Inc. v. Allegheny Airlines Inc.,* 479 F. Supp. 639 (M.D. Pa. 1979), *aff'd,* 622 F.2d 579 (3rd Cir. 1980).[2]

---

2. The Uniform Commercial Code also allows for a bailee to impose restrictions before releasing goods to a party claiming a right to them. 13 Pa.C.S. §§1201, 7401, 7403.

Plaintiff was aware that defendant, pursuant to its contract with Travelco, had a right to destroy all materials stored in defendant's possession after a default in payment of overdue charges by Travelco. (N.T. 44.) Plaintiff as an attorney certainly understood the significance of such a provision. See 5 Pennsylvania Law Encyclopedia, Bailment, §26.

Plaintiff argues that defendant should have had a warehouseman's lien and thus here could be found liable in conversion for destruction of the files pursuant to the Uniform Commercial Code. 13 Pa.C.S. §7210. (See plaintiff's findings of fact and conclusions of law, paragraphs 21 and 22.) Plaintiff, however, overlooks the right available to bailees under the Uniform Commercial Code to first request a document of title or other documentary proof of the right to possession before surrendering any or all "goods" claimed by another. 13 Pa.C.S. §§1201, 7401, 7403. Further, the code allows for a bailee to request that any person claiming goods in its possession satisfy any lien which the bailee may have upon those goods. 13 Pa.C.S. §7403(b). Therefore, if the Uniform Commercial Code were applicable in this matter, or if defendant had a warehouseman's lien, then defendant would have been legally within its rights to seek written authorization for plaintiff's withdrawal or confirmation of his right to do so and to seek payment of unpaid charges.

Some four months passed after plaintiff's inquiries about the files during which period both plaintiff and defendant knew of defendant's request for authorization and for payment. Nothing occurred and defendant was within its rights in destroying the property pursuant to the contract. Interestingly, plaintiff took no further action in this matter following his initial inquiries until June 1992.

Plaintiff was at no time deprived of the ability to pursue his rights to ascertain the existence and terms

of any contract between Travelco and the defendant, to enjoin destruction, to assure written authorization, and to take action to assure the preservation of his files. Instead, plaintiff did nothing. While it is surprising that plaintiff, who was house counsel for Travelco from August 1989 to April 1990, would be unaware of the contract in question, still such does not afford him the right to do nothing and then complain because defendant has acted pursuant to its contract with Travelco. The issue remains, however, has plaintiff established a right to possession superior to that of defendant? The answer is an unqualified "no" in light of the evidence presented.

Plaintiff simply never gave any thought to the ramifications of allowing Travelco to store his personal legal files with the defendant. (N.T. 41-42.) Plaintiff acknowledges that he knew of Travelco's poor financial condition and that he wanted to get his files. (N.T. 44.) He also acknowledges that after defendant advised plaintiff of the two conditions for release of his files, he did nothing further. (N.T. 51-54.)

Plaintiff has cited a number of authorities; however, they involve a claimant who has presented some proof of the right to possession beyond a mere claim. *Robinson v. Hodgson,* 73 Pa. 202 (1873) (recovery of bearer bonds reported as stolen to police); *Bank of Landisburg v. Burruss, supra* (security interest in cattle); *Norriton East Realty Corp. v. Central-Penn National Bank,* 435 Pa. 57, 254 A.2d 637 (1969) (actual dominion over goods); *Commercial Banking Corp. v. Active Loan Co. of Philadelphia, supra* (automobile lease); *Juniata Acceptance Corp. v. Hoffman,* 139 Pa. Super. 87, 11 A.2d 494 (1940) (automobile lease); *Stevenson v. Economy Bank of Ambridge, supra* (lease on bank safety deposit box); *Shonberger v. Oswell, supra* (consignment contract). Plaintiff contends that the case of *Universal Computer Systems Inc. v. Allegheny Airlines Inc., supra,* is sufficiently similar to the case at bar to control. That

case, however, involved the delivery of bid documents to an airline for delivery upon arrival at another airport. The issue there concerned the person to whom that bid should be delivered. The plaintiff there met the bailee airline's conditions by securing a proper person to whom delivery could be made. Plaintiff in the case at bar, however, ignored the conditions set by the bailee. The case of *Universal Computer Systems Inc. v. Allegheny Airlines Inc., supra,* supports defendant's right to impose conditions for the release of files. Plaintiff in the case at bar has never paid the storage fees and never supplied written authorization for the files' release to him.

There was never any agreement between defendant and plaintiff which would allow plaintiff to do nothing and expect that the defendant would see to obtaining authorization and payment of the storage charges. Nor is the defendant obligated to apprise plaintiff of the events occurring in its contractual relationship with Travelco. Since plaintiff admits he was unaware of the contract, it is understandable that he never requested defendant to defer from destroying the files, but plaintiff made no effort to inquire as to their longevity or security. Plaintiff was aware of Travelco's financial problems. The unpaid invoices concerning this matter from May 3, 1990 through May 3, 1991 totaled $5,189.20, plus late charges. The defendant continued to bill Travelco and to warn Travelco that the files might be destroyed. The record is silent as to why Travelco failed to communicate with plaintiff or he further with Travelco. Defendant had heard nothing for some five months following plaintiff's communications, and thus destroyed the files in question. It was not until five months later that plaintiff called defendant about his files. Plaintiff has simply failed to show any right to possession of the legal files superior to the right of possession by the defendant pursuant to its contract with Travelco,

the bailor. It is respectfully submitted that the court's conclusions in this regard are supported by the evidence presented at trial and consistent with law.

## II. MOTION FOR NEW TRIAL

Plaintiff argues that the verdict rendered was against the weight of the evidence. A new trial will be granted only where the verdict is so contrary to the evidence as to shock the court's sense of justice. *Goldmas v. Acme Markets Inc.,* 393 Pa. Super. 245, 574 A.2d 100 (1990). This court is thus called upon to review all of the competent evidence and determine whether the verdict was against the clear weight of that evidence, or whether there was a clear error of law or palpable abuse of discretion on the part of the trial court. *Klyman v. SEPTA,* 331 Pa. Super. 172, 480 A.2d 299 (1984); *Tyus v. Resta,* 328 Pa. Super. 11, 476 A.2d 427 (1984). Any such abuse of discretion must rest upon clear and convincing evidence, or there must be an error of law which controlled the outcome of the case. *Dalton v. Dalton,* 409 Pa. Super. 258, 597 A.2d 1192 (1991); *Stevenson v. General Motors Corporation,* 513 Pa. 411, 521 A.2d 413 (1987); *Solomon v. Baum,* 126 Pa. Commw. 646, 560 A.2d 878 (1989), *alloc. denied,* 525 Pa. 636, 578 A.2d 930 (1990); *Spitzer v. Tucker,* 404 Pa. Super. 539, 591 A.2d 723 (1991), *alloc. denied,* 530 Pa. 645, 607 A.2d 255 (1992). If the verdict is supported by the record, then it should not be disturbed. *Ludmer v. Nernberg,* 433 Pa. Super. 316, 640 A.2d 939 (1994), *alloc. denied,* 541 Pa. 652, 664 A.2d 542 (1995).

Plaintiff in the case at bar does not allege any trial court error, but contends simply that the verdict was not supported by law or the weight of the evidence. The evidence has been reviewed in this opinion and this court finds nothing about the verdict that is against the law or so contrary to that evidence as to shock

one's sense of justice. *Palange v. City of Philadelphia, Law Department,* 433 Pa. Super. 373, 640 A.2d 1305 (1994), *alloc. denied,* 542 Pa. 649, 666 A.2d 1057 (1995); *Giovanetti v. Johns-Manville Corp.,* 372 Pa. Super. 431, 539 A.2d 871 (1988).

It is, therefore, respectfully submitted for all of the foregoing reasons that there was no error in this matter and that plaintiff's post-trial motions were properly and lawfully denied.