James A. LAWRENCE, Appellee,

v.

GULF OIL CORPORATION, Appellant.

No. 15959.

United States Court of Appeals
Third Circuit.

Argued Nov. 29, 1966.
Reargued March 21, 1967.
Decided April 6, 1967.

Freedman and Kalodner, Circuit Judges, dissented.

Mark D. Alspach, Philadelphia, Pa. (Krusen, Evans & Byrne, Philadelphia, Pa., on the brief), for appellant.

Avram G. Adler, Philadelphia, Pa. (Freedman, Borowsky & Lorry, Philadelphia, Pa., on the brief), for appellee.

Before STALEY, Chief Judge, and McLAUGHLIN, KALODNER, HASTIE, SMITH, FREEDMAN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Plaintiff, a seaman, obtained a verdict against his employer ("defendant") in the amount of $126,000 in a suit under the Jones Act. 46 U.S.C. § 688.

Two questions are raised by defendant on appeal: (1) the adequacy of the charge on plaintiff's burden of proof; and (2) the sufficiency of the evidence to justify the submission to the jury of the claim for complete and permanent loss of earning capacity.

Plaintiff claimed that he was assaulted by Mike Faifua, the boatswain of the S.S. Gulfprince, on which they were both employed. Faifua apparently denied the attack. There was no eye witness to the assault. The evidence, while circumstantial, very strongly supported plaintiff's claim that Faifua attacked him. It was to the effect that Faifua, who had earlier assaulted another seaman, was known on the vessel as a man inclined to violence, and that he was intent on injuring the plaintiff because he had performed his work so well as a relief boatswain that Faifua considered him a threat to his job.

On June 15, 1959, Faifua ordered the plaintiff to accompany him to the paint locker where he joined him a short time later. Plaintiff next recalled awakening in a dizzy condition in his bunk hours later. There was evidence that he had reported to the master earlier that Faifua had struck him with a sandbag. Grugan, a seaman employed on the vessel, testified that he saw plaintiff in a dazed and incoherent condition, staggering from the area of the paint locker with his head between his hands and that plaintiff told him that Faifua had hit him over the head with a sandbag. Gru-

gan took plaintiff to the Captain's office and reported what plaintiff had told him. On the Captain's instruction Grugan returned to the paint locker and there found sand on the deck and a black rubber glove of the type used by Faifua. Gonzales, another seaman, testified that he heard plaintiff yell that Faifua had struck him, shortly after Faifua had gone down into the paint locker. Gonzales then looked down through the open hatch and saw plaintiff lying on the deck with Faifua standing over him.

The trial judge made it clear to the jury that they must be satisfied by a fair preponderance of the evidence of the negligence of the defendant and of the unseaworthiness of the vessel. He then submitted four interrogatories to the jury which they were to answer in the form of a special verdict. The only instruction regarding the interrogatories was that the answers to them could be given only on the unanimous agreement of the jury, a requirement which was twice expressed. The interrogatories, all of which the jury answered in the affirmative, were as follows:

"1. Did Mike Faifua assault James Lawrence on June 15, 1959?

"2. If your answer to No. 1 is Yes, did Mike Faifua hit James Lawrence with a 'sandbag'?

"3. If your answer to No. 1 is Yes, was the defendant negligent in failing to provide the plaintiff with a reasonably safe place to work?

"4. If your answer to No. 1 is Yes, was the defendant's vessel, the Gulf-Prince, unseaworthy in the respect that Mike Faifua was not of equal disposition to the ordinary man of his calling?"

At the conclusion of the charge defendant requested the court to instruct the jury that plaintiff's burden of proof applied to the claim of the assault as well as the claims of unseaworthiness and negligence. The trial judge refused the request on the ground that it had already been covered by the charge. Defendant then requested an instruction that the burden of proof was on the plaintiff as to each of the interrogatories. This re-

quest the trial judge also refused on the ground that he had already made the subject matter clear in his charge.

Rule 49(a) which provides for special verdicts requires that in submitting written questions to the jury the "court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue." It is clear from the record that the court in its general charge adequately instructed the jury that the burden of proof was on the plaintiff to show the negligence and unseaworthiness of the vessel. There was therefore no need to repeat the instruction with specific reference to the third and fourth interrogatories which dealt with the same questions. Rule 49(a) is intended not only to make it possible to preserve individual findings and save them from being swallowed up in a general verdict, but also to simplify the instruction to the jury. See 5 Moore Federal Practice (1964), § 49.03[3]. When, therefore, the general charge adequately directs the jury to its duties in answering the questions submitted to it there is no need to accompany the submission with repetitive instruction.

More was involved, however, than the general questions of negligence and un-

seaworthiness of the vessel. The claim of negligence was founded upon the failure to provide plaintiff with a reasonably safe place to work, and unseaworthiness was based upon Faifua's not being of equal disposition to the ordinary man of his calling. Neither of these two general findings, however, would have alone rendered the defendant liable to the plaintiff. Essential to liability was the question whether the assault occurred.

Did the court below commit reversible error by refusing to grant defendant's request, made after the charge had been given, to recall the jury and charge them that plaintiff was required to prove the assault upon plaintiff by a preponderance of the evidence?

We have difficulty understanding why the trial court did not accede to defendant's request even assuming that some element of "over-emphasis" might have been involved. Nevertheless, we think the portion of the instructions quoted in the margin [1] fairly communicated to the jury the requirement that plaintiff had to prove all of his contentions by a preponderance of the evidence. One of those contentions of course was that he was assaulted by Faifua. Therefore, we are satisfied that in the context of the elaborate instructions actually given the omission of the explicit instruc-

---

[1] " * * * the plaintiff James Lawrence seeks to recover damages for his injuries alleged to have been sustained on board the Gulf Oil Corporation ship, the GULF-PRINCE as a result of an assault by a fellow crew member, Mike Faifua. He bases his claim on two grounds: unseaworthiness of the ship, and negligence of the defendant, the owner of the ship GULF-PRINCE.

"I would caution you, ladies and gentlemen, that the burden of proof is upon the plaintiff in this regard. He must satisfy you by a fair preponderance of the evidence that there was negligence on the part of the defendant, or that the ship was unseaworthy, or both. By a fair preponderance of the evidence is meant that if you hesitate or are doubtful as to whether your verdict should be in favor of the plaintiff, then the plaintiff has failed to satisfy you by a fair preponder-

ance of the evidence that his contentions are correct.

"To look at it another way, fair preponderance of the evidence means nothing more than the fair weight of the evidence. In other words, you weigh the testimony and evidence in favor of the plaintiff's contention, and you also weigh the evidence and testimony against his contentions, and if in your minds you feel that the fair weight of the evidence leans toward the plaintiff's contentions, then he has sustained his burden and you would then find for the plaintiff. But if you find from your consideration of all the evidence that the weight is in favor of the defendant, or that there is an equal balance, then you would have to necessarily conclude that the plaintiff had not established the negligence of the defendant or the unseaworthiness of the vessel, and you would render your verdict for the defendant."

tion requested here was insubstantial at best and certainly did not rise to the point of reversible error.

We therefore conclude that the appellant's attack on the sufficiency of the instructions is without merit.

Defendant next contends that there was insufficient evidence in the record for the jury to find that plaintiff had a "permanent" injury and that it was error to permit plaintiff's counsel to argue that point to the jury. It asserts that even if such a finding has record support, there was nevertheless insufficient evidence for a jury to find that plaintiff would never earn another dollar during his working life expectancy.

Preliminarily, we note that no special interrogatory was directed to this issue and the amount of the verdict was substantially less than plaintiff's claim for this item alone. Thus, we cannot be certain whether the jury accepted plaintiff's contention. But the answer to defendant's contention requires a review of the evidence.

Plaintiff was 38 years old at the time of trial with extensive experience as a seaman. He had earned substantial but decreasing amounts of money as a seaman in the years between the time of the attack and the trial date. However, the record showed a progressive deterioration of plaintiff's mental condition as a result of traumatic neurosis. Plaintiff's medical expert testified that his prognosis was "very grave"; that plaintiff was seriously ill and having breaks with reality and verging on a psychosis. He further testified that plaintiff presented a most difficult treatment problem and that the chances of recovery as a result of treatment (extensive psychotherapy) was "problematical", although there was a chance of recovery with intensive psychotherapy for several years. All the doctors agreed that at the trial date plaintiff was disabled from going to sea.

Considering the nature of plaintiff's illness in conjunction with the medical prognosis, we think it was a jury issue as to whether plaintiff's illness was permanent. The fact that plaintiff's earned income for some time after the attack was substantial did not negate as a matter of law the possibility that a jury might find that plaintiff's injury was permanent. This is particularly so in view of the medical prognosis and the progressive deterioration in plaintiff's mental processes and earned income. Certainly the failure of the witnesses to testify in so many words that plaintiff's disability was permanent does not prevent the submission of that contention to the jury under the evidence in this case. The testimony was that plaintiff was not fit to go to sea. In view of the testimony as to the nature and extent of his disability, it was for the jury to decide whether there was a permanent disability. Whether the alleged occupational disability was "total" was also for the jury.

In his close to the jury the plaintiff used a chart showing the dollar calculation of various damage claims. It included an item for "future impairment of earning capacity". Defendant does not here challenge the right of plaintiff's counsel to use the chart as such. Its position is that its use was error because "it was used here as a substitute for evidence to support and justify total occupational disability". Since we are satisfied that there was a sufficient evidentiary record made to justify submission to the jury of the item of damage based on total permanent occupational disability, we find no merit to this contention.

The judgment of the District Court will be affirmed.

FREEDMAN, Circuit Judge (dissenting).

As I view it, the requirement that a plaintiff in a civil action must establish the facts essential to his claim by a preponderance of the evidence is not an empty formality, nor is the necessity that the trial judge make this requirement clearly known to the jury a meaningless ritual, notwithstanding the artificiality

which permeates some of the efforts to describe its substantive meaning. Without such direction a jury of laymen might well believe that by the time a case has reached the stage of a trial in open court the preliminary proceedings at which it can only guess have resulted in placing on the defendant the burden of successfully repelling the claim against it.

Here the question whether an assault occurred was fundamental to the claims of negligence and unseaworthiness. This was recognized in the interrogatories, for consideration of interrogatories 3 and 4 was made conditional on an affirmative answer to interrogatory 1 which inquired whether the assault occurred. Moreover, interrogatory 2, which was also conditional on an affirmative answer to interrogatory 1, inquired whether Faifua hit Lawrence with a sandbag and was essential to the claim of unseaworthiness which was based on Faifua not being of equal disposition to the ordinary man of his calling. Yet neither in the general charge nor in the submission of the interrogatories to the jury was there any instruction that plaintiff had the burden of proving an assault, either a simple one or with a sandbag. If the jury had exercised an acutely discriminating judgment it might perhaps have inferred that there was some difference in the standard it was to use in reaching its answers to the first two interrogatories as distinguished from the last two interrogatories. On the other hand if the jury had no such finely discriminating judgment, I find it difficult to understand how the general instruction on burden of proof of negligence and unseaworthiness could have given it any direction on the standard it was to apply earlier in answering the first two interrogatories relating to the assault.

The fundamental nature of the error is not diminished because the jury answered interrogatories 1 and 2 in the affirmative. I think we are unjustified in projecting on to the jury our own knowledge and consequently assuming that it must have believed that the evidence on these two questions preponderated in favor of the plaintiff. We have no reason to exclude the equally likely surmise that the jury might have thought that the evidence was in balance or even that the defendant had not met a burden which rested on it to show that its own boatswain, Faifua, had not committed the assault. In any event, I think the need to speculate upon this shows the error which the court below committed in rejecting the request that it charge the jury that the plaintiff had the burden of proof of the affirmative of interrogatories 1 and 2.

Moreover, in this case, where special interrogatories were submitted to the jury for its answer, Rule 49(a) requires that "[t]he court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue." Since nothing had been said by the court in its general charge on the burden of proof as to the claim of an assault, or an assault with a sandbag, the court in submitting these two interrogatories should have told the jury that the burden of proving the assault or the assault with a sandbag rested upon the plaintiff. The inadequacy in the charge on burden of proof was twice called to the attention of the trial judge, and a specific request was made for an instruction on plaintiff's burden of proof with regard to the submission of the interrogatories on the assault, but the request was denied.

I believe that the error, called to the attention of the trial judge in accordance with Rule 52, was one which affected the substantial rights of the parties (see Rule 61). I therefore would reverse and award a new trial.

KALODNER, Circuit Judge, joins in this dissent.