**F. Carol PRICE, Plaintiff,**

**v.**

**Marvin RUNYON, Postmaster General of the United States, et al., Defendants.**

**Civil No. 94–5120 (CSF).**

United States District Court,
D. New Jersey.

Dec. 19, 1996.

Hurley & Vasios by Lewis B. Cohn, Short Hills, NJ, for Plaintiff F. Carol Price.

Faith S. Hochberg, U.S. Attorney by Michael A. Chagares, Newark, NJ, for Defendant Marvin T. Runyon.

Faith S. Hochberg, U.S. Attorney by Michael A. Chagares, Newark, NJ, Bogan & Bogan by Raymond D. Bogan, Point Pleasant Beach, NJ, for Defendant Jack Curry.

## AMENDED OPINION

CLARKSON S. FISHER, District Judge.

This matter comes before the court on a motion by plaintiff, F. Carol Price, for judgment as a matter of law or, alternatively, for a new trial pursuant to Fed.R.Civ.P. 50 and 59. This matter was tried to a jury during May, 1996. The jury returned a verdict in favor of the defendants and against the plaintiff for no cause for action.

Plaintiff's complaint alleged a cause of action pursuant to 42 U.S.C. § 2000e–16, Title VII, of the Civil Rights Act of 1964 as amended. Plaintiff claims that she is currently entitled to the relief which she seeks because of errors made in charging the jury on the applicable law, because certain findings by the jury were against the weight of the evidence, and as the verdict sheet submitted to the jury did not contain all the applicable causes of action alleged by plain-

tiff. Plaintiff has presented a six-point argument to this court. For the reasons set forth below, plaintiff's motion will be denied.

## I. MOTION FOR A NEW TRIAL

New trials are infrequently given and generally disfavored. *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 301 (3d Cir.), *cert. denied*, 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991). A new trial may be ordered when a verdict is against the clear weight of the evidence, *Roebuck v. Drexel Univ.*, 852 F.2d 715, 735–37 (3d Cir. 1988), or when there is a substantial error in the instructions to the jury. *Savarese v. Agriss*, 883 F.2d 1194, 1202–05 (3d Cir.1989). A new trial should not be ordered simply because the court might have reached a different conclusion. *Fineman v. Armstrong World Indus., Inc.*, 774 F.Supp. 266, 269 (D.N.J.1991), *aff'd in part and rev'd in part on other grounds*, 980 F.2d 171 (3d Cir.1992), *cert. denied*, 507 U.S. 921, 113 S.Ct. 1285, 122 L.Ed.2d 677 (1993).

### A. Form of the Verdict Sheet

■ Plaintiff objects to the fact that the verdict sheet did not contain any provisions concerning her claim of wrongful discharge in violation of 42 U.S.C. § 2000e, *et seq.* The plaintiff alleges that separate claims for sexual harassment, employment retaliation and wrongful discharge had been set forth in her complaint. It is the plaintiff's contention that these are separate theories of liability and that failure to mention the claim of wrongful discharge on the verdict sheet was in error and a new trial is now required.

Although a new trial may be ordered when there is a substantial error in the instructions to the jury, *Savarese*, 883 F.2d at 1202–05 (3d Cir.1989), plaintiff has failed to present such an error. It is clear that the wrongful discharge claim was subsumed under and incorporated within the other Title VII claims asserted by the plaintiff. Count Five of plaintiff's complaint clearly states:

Such acts of sexual harassment and retaliatory conduct, by defendants ... as described above *resulted in* the wrongful discharge of plaintiff from her employment on or about January 5, 1994 in violation of the plaintiff's rights under 42 U.S.C. § 2000e–16, Title VII of the Civil Rights Act of 1964 as amended.

Complaint ¶ 56 (emphasis added). The verdict sheet required the jury to determine both whether the plaintiff was sexually harassed and whether she was retaliated against for participating in the EEO process. The jury answered "no" to both of these claims, thereby eliminating the possibility that either "resulted in" the wrongful discharge of plaintiff from her employment.

### B. Charge on Employment Retaliation

■ Plaintiff argues that this court committed error in charging the jury on plaintiff's Title VII retaliation claim. First, plaintiff contends that the following charge to the jury was made in error:

If you find that the defendants have articulated a legitimate, non-discriminatory reason for the adverse action, then you must decide whether the plaintiff has proven by a preponderance of the evidence that the defendants' proffered reason is not the true reason and that her protected activity was the real reason. Once the defendants come forward with a non-discriminatory reason, the plaintiff must show: (1) that the defendants' proffered explanation is false, and (2) that the real reason was retaliation for her having engaged in protected activity. It is not enough to *disbelieve* the defendant; you must *believe* plaintiff's explanation of intentional retaliation.

Plaintiff's brief at 8 (emphasis in original). There was no error made on this charge as it reflects the holding in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

In *Hicks*, the United States Supreme Court held in dicta that:

A reason cannot be proved to be 'a pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason.

*St. Mary's* at 515, 113 S.Ct. at 2752. The Court goes on to explain:

At trial, the plaintiff must convince the fact finder both that the reason was false, and

that discrimination was the real reason, it is not enough to *disbelieve* the employer; the fact finder must *believe* the plaintiff's explanation of intentional discrimination. *Id.* at 519, 113 S.Ct. at 2754 (emphasis in original).

■ Secondly, the plaintiff asserts under this point in her brief that the jury was not charged concerning retaliation as a separate and distinct form of an impermissible employment practice in accordance with 42 U.S.C. § 2000e, *et seq.* The instruction to the jury was that:

the law prohibits retaliation against an employee who opposes unlawful discrimination by her employer, including filing a complaint of discrimination.

Plaintiff's brief at 10. It is the plaintiff's contention that this instruction required a showing that she filed a "viable" or "substantiated" EEO complaint. The plain meaning of the instruction indicates that no such requirement was ever placed before the jury.

Lastly, the plaintiff argues that since the jury had already determined that she had not been sexually harassed, it could not conceivably find retaliation. This argument is frivolous, as the two claims were separately listed on the verdict sheet.

## C. Adverse Employment Action

■ The plaintiff claims that the jury never made any finding as to whether or not the plaintiff was discharged because she engaged in protected activity. The plaintiff is mistaken in this allegation, as the jury was not required to make such a causal finding.

The jury was correctly charged:

To prove her retaliation claim, Ms. Price must prove, by a preponderance of the evidence: *One,* she engaged in protected activity under Title VII; for instance, had she complained regarding unlawful discrimination; *Second,* that Mr. Curry or the Postal Service thereafter took adverse employment action against her in making this determination; the Postal Service official, taking adverse employment action against her, must have known of the EEO complaint and participation in the EEO process; and *Three,* that there was a causal

connection between the protected activity. In showing this causal connection, Ms. Price is not required to [prove] that retaliation was the sole motivation for the adverse action but she must show that but for her participation in the protected activity, she would not have been subjected to the adverse action.

Transcript at 117. The verdict sheet clearly listed this three-part test for proving prima facie retaliatory discharge. *Carter v. Ball,* 33 F.3d 450 (4th Cir.1994). Plaintiff argues that the jury's analysis on this claim was completely unsupported by the evidence and is completely incomprehensible. Plaintiff contends

that the jury was asked in question 2(b) whether they found by a preponderance of the evidence that "... after Ms. Price engaged in protected activity, [did] she suffer some adverse employment action by Mr. Curry?" The jury answered this question, "no." Likewise, the jury was asked if they found that after Price engaged in protected activity did she suffer some adverse employment action by the Postal Service? Again, the jury responded "no."

Plaintiff's brief at 14. This court clearly instructed the jury that in making a determination of whether plaintiff suffered an adverse employment action, the appropriate Postal Service official "must have known of the EEO complaint...." Based upon the evidence, the jury answered "no" to this question. This response is not incomprehensible in light of the jury instruction. Since the retaliation claim failed after the jury answered "no" to step two, the jury was not required to reach step three.

## D. Charge on Hostile Work Environment

■ The plaintiff suggests that this court's instruction to the jury on plaintiff's claim of hostile work environment was too vague and did not give the requisite guidance to the jury to enable it to make an appropriate determination on this issue. The plaintiff contends that such instruction constituted a miscarriage of justice and that a new trial is required.

■ The instruction given by this court was not in error, and even if it were, a new trial would not be warranted. Whether sexual "harassment is sufficiently severe or pervasive is quintessentially a question of fact." *Beardsley v. Webb*, 30 F.3d 524, 530 (4th Cir.1994) (quoting *Paroline v. Unisys Corp.*, 879 F.2d 100, 105 (4th Cir.1989), *vacated in part on other grounds*, 900 F.2d 27 (4th Cir.1990) (en banc)). Therefore, this question was within the province of the jury, and this court's failure to further define the phrase, "sufficiently severe," was not in error. Additionally, the jury found that plaintiff had not been subjected to unwelcome sexual harassment. Since the jury found that plaintiff had not satisfied this minimum threshold, *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 68, 106 S.Ct. 2399, 2406, 91 L.Ed.2d 49 (1986), the instruction went to an issue that is immaterial in light of the verdict. Therefore, even if an error did occur, it was harmless. *Gafford v. General Elec. Co.*, 997 F.2d 150, 169–170 (6th Cir.1993).

■ In her reply brief the plaintiff alleges that the question presented on the verdict form, concerning whether Price was subjected to unwelcome sexual harassment, is patently deficient. The question reads:

Does the jury unanimously find by a preponderance of the evidence that Ms. Price was subjected to unwelcome sexual harassment by Mr. Curry?

Reply brief at 9. The jury responded "no." This question was not patently deficient. The general charge to the jury adequately directed the jury to its duties in answering the questions submitted to it and, therefore, there was no need to supplement the verdict form with repetitive instructions. *Lawrence v. Gulf Oil Corp.*, 375 F.2d 427, 429 (3d Cir.1967). The question on the verdict sheet simply and appropriately directed the jury to determine whether the plaintiff had proved the threshold matter of her sexual harassment claim.

### E. Charge on Poor Management Decisions

■ The plaintiff argues that the instruction given by this court on poor management decisions was misleading and constituted a miscarriage of justice requiring a new trial. The plaintiff asserts that the instruction failed to convey that any employment action taken by an employer must still be subject to, and scrutinized in accordance with, existing legal principles against sexual harassment, hostile work environment, and retaliation for engaging in protected activity.

Plaintiff's argument fails for two reasons. First, the plaintiff consented to an amendment which cured his objection to the charge and thereby waived this assignment of error. *Wilson v. Pennsylvania R.R. Co.*, 141 F.Supp. 233, 234 (W.D.Pa.1956) (where court adopted counsel's proposed addition to a specific charge, court refused to consider post-trial challenge to the same charge as basis supporting new trial motion), *aff'd*, 239 F.2d 384 (3d Cir.1957).

The defendant originally proposed the following instruction:

... an employer does not lose the ability to otherwise review an employee's conduct and, if necessary, discipline the employee merely because the employee has filed a discrimination claim.

Plaintiff's brief at 19. The plaintiff objected to this proposed instruction, and the court responded by proposing the following:

Suppose I put in there, whether or not a discrimination [complaint] has been filed.

Transcript at 19. Plaintiff's counsel responded:

"Alright. That would be acceptable."

Transcript at 19. The consent to the proposed amendment waived plaintiff's assignment of this error, and she will be unable to revisit it on a post-trial motion. *Id.*

Secondly, the charge to the jury was not in error. Plaintiff argues that the instruction was misleading to the jury as read literally, and that it freed the jury from evaluating the Postal Service's discipline of the plaintiff in conjunction with anti-sexual harassment, hostile work environment policies, and prohibitions against retaliation. However, this court specifically charged the jury:

Indeed, the Postal Service may make an employment decision for a good reason, a bad reason or no reason at all, as long as

sex, race or other discriminatory distinctions do not influence the decision.

Transcript at 119. This charge negates plaintiff's argument on this point.

## II. MOTION FOR JUDGMENT AS A MATTER OF LAW

### A. The Finding of no Sexual Harassment was against the clear weight of the Evidence

 A rule 50(b) motion for judgment as a matter of law may be granted where "there is no legally sufficient evidentiary basis for a reasonable jury to have found for [the verdict winner]...." Fed.R.Civ.P. 50. *See Dawson v. Chrysler Corp.*, 630 F.2d 950, 959 (3d Cir.1980) (rule 50(b) motion for judgment as a matter of law should be denied "unless the record 'is critically deficient of that minimum quantum of evidence from which a jury might reasonably afford relief.'") (quoting *Denneny v. Siegel*, 407 F.2d 433, 439 (3d Cir.1969), *cert. denied*, 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). The court will not weigh the evidence or the credibility of the witnesses in considering a rule 50(b) motion. *Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110, 113 (3d Cir.), *cert denied*, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 111 (1987). The court will view the evidence in the light most favorable to the nonmoving party and will give the nonmoving party the benefit of all fair and reasonable inferences when considering a rule 50(b) motion. *Fineman*, 980 F.2d at 190; *E.E.O.C. v. Delaware Dep't of Health & Social Servs.*, 865 F.2d 1408, 1414 (3d Cir.1989). As a result, when conflicting or contradictory evidence could lead to inconsistent conclusions, judgment as a matter of law is inappropriate. *Fireman's Fund Ins. Co. v. Videfreeze Corp.*, 540 F.2d 1171, 1178 (3d Cir.1976), *cert. denied*, 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977).

The jury did not find that the plaintiff was subjected to unwelcome sexual harassment by defendant Curry. This verdict is supported by evidence in the record. Three witnesses testified in addition to defendant Curry. All testified under oath as to plaintiff's actions during the time period during which the alleged harassment took place. Under the applicable standard outlined above, this testimony was sufficient basis for the jury to find plaintiff was not the victim of unwelcome sexual harassment by defendant Curry.

## CONCLUSION

The plaintiff has not met the very stringent burden required when asserting a motion for a new trial or motion for a judgment as a matter of law.